Argued and submitted August 20, affirmed October 20, reconsideration denied December 25, 1993, petition for review denied February 1, 1994 (318 Or 351)

# STATE OF OREGON,
*Respondent,*

*v.*

# FREDERICK DOUGLAS BELCHER,
*Appellant.*

(91-11-36074; CA A75968)

860 P2d 903

Mary M. Reese, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Defendant appeals his conviction for manslaughter in the first degree. ORS 163.118(1). The issue is whether the trial court erred when it denied defendant's motion for judgment of acquittal. Defendant's theory was that his severe intoxication negated the inference that he acted with "extreme indifference to the value of human life." We affirm.

The evidence showed that defendant drove with a blood alcohol content of .23 percent, failed to obey lane markings, ran two red lights, failed to respond to an officer who attempted to stop him with lights and sirens, failed to keep a proper look-out, hit and killed a bicyclist and then did not stop.[1]

The state was required to prove that the homicide was "committed recklessly under circumstances manifesting extreme indifference to the value of human life[.]" ORS 163.118(1)(a). Defendant argues that, because the state showed that his level of intoxication rendered him "oblivious" to his circumstances, a reasonable jury could not have found that he possessed extreme indifference to the value of human life at the time of the accident. The source of that rather puzzling argument appears to be defendant's erroneous belief that "extreme indifference" is the *mens rea* for this type of first degree manslaughter. It is not. The requisite mental state for the crime of which he was convicted is *recklessness*, and the element of recklessness is not negated by evidence of intoxication. ORS 161.125(2).[2] The requisite

---

[1] Upon impact, the bicyclist's body was carried through the air; it landed on the hood of defendant's car with the bicyclist's head through the windshield. Defendant did not brake or maneuver after striking the bicyclist. He drove into a flatbed truck that was parked along the street, which caused the flatbed to collide with defendant's windshield and the bicyclist, whose body was pushed into the passenger compartment so far that his head was approximately one foot from the lap of a front seat passenger. The collision knocked defendant's car back into the main line of traffic, and his car coasted to a stop one block later. When questioned by the police, defendant claimed to be unaware of the presence of the bicyclist's body.

[2] ORS 161.125 provides:

"(1) The use of drugs * * * or voluntary intoxication shall not, as such, constitute a defense to a criminal charge, but in any prosecution for an offense, evidence that the defendant used drugs * * * or was intoxicated may be offered by the defendant whenever it is relevant to negative an element of the crime charged.

*physical act* for this type of manslaughter is to cause the death of a human being under circumstances that manifest extreme indifference to the value of human life. ORS 163.118(1)(a); ORS 163.005(1). The phrase "extreme indifference" describes a heightened degree of blameworthiness in the circumstances of defendant's conduct; it "does not create an additional culpable mental state." *State v. Boone*, 294 Or 630, 634, 661 P2d 917 (1983).

■ ■ Evidence of defendant's intoxication was merely another piece of evidence that the jury could consider when deciding whether defendant's conduct manifested an extreme indifference to the value of human life. Given that defendant drove while intoxicated, ran red lights, hit the victim and failed to stop, a rational trier of fact could have found all of the elements of first degree manslaughter beyond a reasonable doubt. Accordingly, the court did not err in denying defendant's motion for judgment of acquittal.

Affirmed.

---

"(2) When recklessness establishes an element of the offense, if the defendant, due to the use of drugs * * * or voluntary intoxication, is unaware of a risk of which the defendant would have been aware had the defendant been not intoxicated, * * * such unawareness is immaterial."

Under subsection (1), defendant would have been entitled to offer evidence of his intoxication, if the court had concluded that it was relevant to negate an element of first degree manslaughter. However, in this case, the *state* offered the evidence of defendant's intoxication, and defendant was not required to rely on the statute in order to place that evidence before the jury.