Argued and submitted August 1, affirmed December 13, 1995

# STATE OF OREGON,
*Respondent,*

*v.*

# MICHAEL JOHN HENRY,
*Appellant.*

(C9311-37959; CA A83991)

907 P2d 1133

William T. Lyons argued the cause and filed the brief for appellant.

Janie M. Burcart, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

Defendant appeals his conviction for manslaughter in the first degree. He argues that the trial court erred by instructing the jury that first-degree manslaughter is a lesser-included offense of murder. We review for errors of law and affirm.

We have previously held that first-degree manslaughter is a lesser-included offense of murder. *State v. Thayer*, 32 Or App 193, 195-96, 573 P2d 758, *rev den* 283 Or 1 (1978). The Oregon Supreme Court also has apparently assumed that first-degree manslaughter is a lesser-included offense of murder. *See, e.g., State v. Cunningham*, 320 Or 47, 53, 880 P2d 431 (1994). Defendant argues, nevertheless, that first-degree manslaughter contains an essential element that is not contained in the crime of murder, and, therefore, that the former cannot be a lesser-included offense of the latter. *See* ORS 136.465.

ORS 163.115(1)(a) provides that criminal homicide is murder when it is committed intentionally. ORS 163.118 provides that criminal homicide is first-degree manslaughter when "it is committed recklessly under circumstances manifesting extreme indifference to the value of human life." Defendant does not dispute that a reckless mental state is subsumed within an intentional mental state. He argues, instead, that the requirement that the state prove that he acted "under circumstances manifesting extreme indifference to the value of human life" constitutes a separate element of proof of conduct that is not included in the crime of murder. We disagree.

A person who commits the crime of murder by intentionally killing another person is a person who necessarily acts in a manner that manifests extreme indifference to the value of human life. Consequently, the crime of first-degree manslaughter does not require proof of an element that is not included in the crime of murder.

Affirmed.