Argued and submitted October 31, 1996, affirmed July 9, petition for review denied September 23, 1997 (326 Or 58)

# STATE OF OREGON,
*Respondent,*

*v.*

# ROBERT EUGENE MERIDETH,
*Appellant.*

## (94CR1084 & 94CR1982; CA A90206 (Control) & A90207)
## (Cases Consolidated)

942 P2d 803

James N. Varner, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Robert M. Atkinson, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Chief Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant was convicted, in a consolidated trial,[1] of three counts each of aggravated murder, ORS 163.095, felony murder, ORS 163.115, manslaughter in the first degree, ORS 163.118, and arson in the first degree. ORS 164.325.[2] Those convictions stem from a single incident in 1994, in which defendant started a fire in the unoccupied first floor of a two-story duplex. A woman and her two young children, who lived in the second story, died as a result. Defendant assigns error to the trial court's refusal to instruct the jury on the lesser included offense of reckless burning. ORS 164.335.[3] He also raises two assignments of error concerning his sentencing. We affirm.

■ Defendant's first assignment contends that the trial court erred by denying his request to instruct the jury on the crime of reckless burning as a lesser included crime of arson in the first degree. We review the refusal to instruct the jury on a lesser included crime for errors of law. ORS 138.220; *State v. Cunningham*, 320 Or 47, 57, 880 P2d 431 (1994).

■ The right to a lesser included crime instruction is limited to those cases where there is " 'evidence, or an inference which can be drawn from the evidence, which supports the requested instruction so that the jury could rationally and consistently find the defendant guilty of the lesser offense and innocent of the greater.' " *Id.* at 58 (quoting *State v. Washington*, 273 Or 829, 838, 543 P2d 1058 (1975)). The

---

[1] In a consolidated trial, defendant was also convicted of burglary in the first degree, ORS 164.225, theft in the third degree, ORS 164.043, and driving under the influence of intoxicants. ORS 813.010. Those convictions arose out of separate incidents and have no bearing on the issues on appeal.

[2] ORS 164.325 provides, in part:

"(1) A person commits the crime of arson in the first degree if, by starting a fire or causing an explosion, the person intentionally damages:

"(a) Protected property of another;

"(b) Any property, whether the property of the person or the property of another person, and such act recklessly places another person in danger of physical injury or protected property of another in danger of damage[.]"

[3] ORS 164.335 provides that "[a] person commits the crime of reckless burning if the person recklessly damages property of another by fire or explosion."

state does not dispute defendant's claim that reckless burning is a lesser included offense of arson. *See State v. Booth*, 284 Or 615, 618, 588 P2d 614 (1978). However, the state does contend that there is no evidence that would rationally support a reckless burning instruction here. We agree.

At trial, defendant argued that the fire was caused by faulty electrical wiring. On appeal, he points to no specific evidence in the record that would indicate that he recklessly damaged the building by starting the fire. Rather, defendant argues that because he was charged in the manslaughter[4] counts with having a reckless mental state, there must necessarily be evidence in the record from which the jury could find that defendant acted with the reckless mental state to support a finding of reckless burning. We disagree with defendant's assertion that the mental element as to each offense is identical: the mental state exists in relationship to a particular circumstance or result. ORS 161.085(9). "Recklessly" in the reckless burning statute, thus, describes a mental state associated with the act of damaging property. "Recklessly" in the manslaughter statute describes a mental state associated with the act of causing a person's death. Evidence that a person acted recklessly in causing another person's death does not necessarily establish that a person recklessly damaged property. Therefore, in the absence of evidence to support a reckless burning charge, defendant's argument fails.

We turn to defendant's sentencing. The trial court sentenced defendant to three consecutive life terms on each count of aggravated murder. Each count also carried a minimum term of confinement of 30 years without possibility of parole. ORS 163.105(1)(c). The three counts of felony murder and three counts of arson were merged with the aggravated murder counts. The court refused to merge the manslaughter counts with the aggravated murder counts, and defendant was sentenced to three consecutive sentences on the manslaughter counts, totaling over 48 years. Those sentences are

---

[4] ORS 163.118 defines manslaughter in the first degree as follows:

"(1) Criminal homicide constitutes manslaughter in the first degree when:

"(a) It is committed recklessly under circumstances manifesting extreme indifference to the value of human life[.]"

to be served concurrently with the sentences imposed on the aggravated murder counts. The court ordered post-prison supervision for life on the aggravated murder counts and three years on the manslaughter counts. Defendant was also ordered to pay $20,000 for attorney fees and $10,476 for restitution.

■ Defendant assigns error to the trial court's failure to merge his manslaughter convictions with his convictions for aggravated murder. We review for errors of law. ORS 138.220.

Relying on our decision in *State v. Henry*, 138 Or App 286, 288, 907 P2d 1133 (1995), defendant argues that this is a case of "true merger" in that "there are no elements of manslaughter in the first degree which are not included in the crime of aggravated murder." In *Henry*, we held that manslaughter in the first degree, as defined in ORS 163.118(1)(a) is a lesser included offense of intentional murder, as defined in ORS 163.115(1)(a). That holding, however, provides no support for defendant's merger argument.

Defendant was charged with aggravated murder, as defined in ORS 163.095(1)(d).[5] That particular formulation of the aggravated murder statute requires that the state prove the elements of felony murder, as defined in ORS 163.115(1)(b)(A), and that "there was more than one murder victim in the same criminal episode[.]" Arson in the first degree, as defined in ORS 164.325(1)(b) was alleged as the underlying felony. Under the state's aggravated murder formulation, it did not have to prove that defendant intentionally caused the victims' deaths. Rather, the state needed only to prove that defendant "intentionally damaged property" and that the "act [of damaging property] recklessly placed another person in danger of physical injury."

However, even assuming that "recklessly," as used in the arson statute describes a *mens rea* element identical to

---

[5] In his brief, defendant mistakenly argues that he was convicted of aggravated murder under ORS 163.095(2)(d), which requires that the defendant "personally and *intentionally* committed the homicide[.]" (Emphasis supplied.) An intended *mens rea* element is not present in the aggravated murder formulation charged here.

that found in manslaughter in the first degree, the manslaughter statute contains an additional element that is not in the state's aggravated murder formulation. To prove manslaughter in the first degree, the state must prove not only that defendant recklessly caused the victim's death, but also that defendant did so "under circumstances manifesting an extreme indifference to the value of human life." In *State v. Boone*, 294 Or 630, 661 P2d 917 (1983), the Supreme Court concluded that the "extreme indifference" language contained in the definition of assault in the second degree in ORS 163.175(1)(c), which is identical to that found in manslaughter in the first degree, did not create an additional culpable mental state but, instead, described conduct that exhibits a heightened degree of culpability, greater than mere recklessness.

Thus, under the statutory comparison analysis required by the "anti-merger" statutes, manslaughter in the first degree contains an element—conduct manifesting extreme indifference to the value of human life—that is not in the state's aggravated murder charge here. Because the statutory elements of the aggravated murder and manslaughter in the first degree charges are different, merger is not required. The trial court did not err.

■    Lastly, defendant assigns error to the trial court's order that he pay attorney fees and restitution totaling over $30,000. He argues that the trial court erred by ordering any attorney fees or restitution during his prison term because the court failed to identify any of his current assets, as required under ORS 161.675(1).[6]

At the sentencing hearing, defendant disputed the amount of restitution, arguing that anything above a nominal amount would be futile because he would not likely be

---

[6] Defendant cites the current version of ORS 161.675(1), which provides, in part:

"If a defendant is sentenced to a term of imprisonment, any part of the sentence that requires the payment of a sum of money for any purpose is enforceable during the period of imprisonment if the court expressly finds that the defendant has assets to pay all or part of the amounts ordered."

This language was effective July 7, 1995. Or Laws 1995, ch 512, § 3.

able to pay. To the extent that defendant makes that argument here, we reject it. Defendant did not, however, dispute at sentencing, as he does here, that the court lacked authority to order restitution during his prison term. Because defendant failed to preserve that argument below, we do not address it now. ORAP 5.45(2).

Affirmed.