Argued and submitted September 1, vacated in part; remanded in part
October 27, 1999

# STATE OF OREGON,
*Respondent,*

*v.*

# BRANDON COLE COOK,
*Appellant.*

## (96-589; CA A100356)

989 P2d 474

Steven H. Gorham argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

BREWER, J.

## BREWER, J.

Defendant appeals from a judgment convicting him of assault in the second degree, ORS 163.175(1)(c), following a trial to the court. Although he makes several assignments of error, we write only to address defendant's contention that the trial court committed jurisdictional error by convicting him of second-degree assault under an indictment that charged him only with assault in the first degree, ORS 163.185. For the reasons that follow, we vacate the judgment of conviction and remand.

Defendant was a member of a group of people,[1] who severely beat another man, Spencer, in an altercation that took place outside a tavern in Baker City. The participants had been drinking before the attack occurred. Spencer was rendered defenseless and lay helpless on the ground soon after the attack began. Various witnesses tried to break up the altercation but, before they could do so, the group of attackers delivered multiple kicks to the victim's face and head with their shoes. As did other participants, defendant personally kicked Spencer in the head. Among other injuries, the victim suffered multiple facial fractures, a palate fracture and sciatic nerve damage.

Defendant was indicted on a single charge of assault in the first degree as a result of his role in the attack. The indictment alleged, in part:

> "The defendants, acting together and as part of the same transaction * * * did * * * intentionally cause serious physical injury to [Spencer] by means of a dangerous weapon, to-wit: shoes * * *."

At the conclusion of trial, the trial court acquitted defendant of first-degree assault, because the court did not find beyond a reasonable doubt that defendant intended to cause serious physical injury to Spencer.[2] Instead, the court found that defendant recklessly caused serious physical injury to

---

[1] Defendant was tried along with three other codefendants: Stuart, Stanley and Marler.

[2] The court reached the same verdict as to each of the codefendants.

Spencer by means of a dangerous weapon under circumstances manifesting extreme indifference to the value of human life. As a consequence, the court found defendant guilty of assault in the second degree under ORS 163.175(1)(c). Defendant appealed from the ensuing judgment of conviction.

In his first assignment of error, defendant argues that the trial court lacked jurisdiction to convict him of second-degree assault because he was not indicted for that crime and because, according to defendant, second-degree assault is not a lesser included offense of assault in the first degree, the only crime for which he was indicted.

■■     Generally, a court does not have jurisdiction to convict on a charge for which the defendant was not indicted. *Riggs v. State of Oregon*, 50 Or App 109, 113-14, 622 P2d 327 (1981). However, jurisdiction does exist to enter a conviction for an offense not expressly charged if that offense is one that is lesser included within the offense charged in the indictment. *State v. Woodson*, 315 Or 314, 319, 845 P2d 203 (1993). An offense is lesser included of a charged crime if either of the following tests is satisfied: (1) one offense is necessarily included within the other because the elements of the former are subsumed in the latter; or (2) the facts alleged in the charging instrument expressly include conduct that describes the elements of the lesser included offense. *State v. Guzman*, 140 Or App 347, 351, 914 P2d 1120 (1996). Because defendant was not formally charged with assault in the second degree, we must determine whether that offense is a lesser included offense of the charged offense, assault in the first degree. Unless it is so included, the trial court lacked jurisdiction to enter the conviction.

We first consider whether the elements of assault in the second degree are subsumed in the elements of first-degree assault. ORS 163.185, which defines first-degree assault, provides:

"A person commits the crime of assault in the first degree if the person intentionally causes serious physical injury to another by means of a deadly or dangerous weapon."

ORS 163.175 defines the offense of assault in the second degree:

> "(1) A person commits the crime of assault in the second degree if the person:

> "* * * * *

> "(c) Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon under circumstances manifesting extreme indifference to the value of human life."

Most of the elements of the offenses present little analytical difficulty. Defendant does not contend that either the required mental states, the necessary instruments, or the required injury to the victim of the offenses disqualify assault in the second degree as a lesser included offense of first-degree assault.

The result of the criminal conduct must be identical for each offense; the defendant must cause "serious physical injury" to the victim. Likewise, each offense requires that the victim be injured by means of a "deadly or dangerous weapon." An obvious difference does exist between the mental elements of the offenses: the defendant must have acted intentionally in order to be convicted of assault in the first degree; whereas, recklessness suffices for assault in the second degree. By statutory definition, however, "reckless" is subsumed within "intentional" as a mental element actuating criminal conduct. ORS 161.115(3).[3] Thus, the mental state required for the offense of conviction is lesser included within the mental element of the charged offense.

■ Defendant's challenge to the trial court's jurisdiction focuses exclusively on the final element—circumstances that manifest extreme indifference to the value of human life— required for a conviction of second-degree assault under ORS 163.175(1)(c). That element does not create an additional culpable mental state requirement for the offense. *State v. Boone*, 294 Or 630, 634, 661 P2d 917 (1983). Instead, it imputes a heightened degree of blameworthiness to the

---

[3] ORS 161.115(3) provides, in part, that "when recklessness suffices to establish a culpable mental state, it is also established if a person acts intentionally or knowingly."

defendant's conduct by reference to the attendant circumstances. *State v. Belcher*, 124 Or App 30, 34, 860 P2d 903 (1993), *rev den* 318 Or 351 (1994). However, the "extreme indifference" requirement is a statutory element of second-degree assault that is not expressly provided as an element of assault in the first degree. *See Boone*, 294 Or at 634. The question, then, reduces to whether that element is subsumed within the offense of first-degree assault.

■ Defendant argues that a person may intend to cause serious physical injury by means of a dangerous weapon and, thus, commit first-degree assault as the indictment alleged in this case and, yet, be innocent of second-degree assault because the circumstances did not manifest extreme indifference to the value of human life. Defendant acknowledges that his argument has been rejected where the harm resulting from the defendant's conduct is the *loss* of human life. *State v. Henry*, 138 Or App 286, 907 P2d 1133 (1995). In *Henry*, we held that manslaughter in the first degree, ORS 163.118, is a lesser included offense of intentional murder, ORS 163.115. We reasoned that a person who intentionally kills another "necessarily acts in a manner that manifests extreme indifference to the value of human life. Consequently, the crime of first-degree manslaughter does not require proof of an element that is not included in the crime of murder." *Id*. at 288.

Defendant contends that the rationale of *Henry* "does not hold true when the state alleges an intent to cause serious bodily injury, as opposed to an intent to kill." Defendant argues that it does not logically follow that assault in the first degree, which does not require the death of a victim, *must* be committed with extreme indifference to the value of human life. We agree.

The term "extreme indifference to the value of human life" is not defined by statute. However, in *State v. Corpuz*, 49 Or App 811, 621 P2d 604 (1980), we stated that extreme indifference to the value of human life means "a state of mind where an individual cares little about the risk of death of a human being." *Id*. at 819. In *Boone*, the Supreme Court noted our definition of the term in *Corpuz* but, despite extensive analysis, did not expressly adopt that or any other meaning. *Boone*, 294 Or at 633-38. However, the court

appeared to conclude that the reckless commission of an extremely dangerous act would qualify, because "it entails 'substantial and unjustifiable risk' of serious injury or death." *Id*. at 638.

As noted, both first- and second-degree assault require "serious physical injury" to a victim. ORS 161.015(8) defines "serious physical injury" as

> "physical injury *which creates a substantial risk of death or* which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." (Emphasis added.)

The intentional infliction of serious physical injury thus may, but need not, create a substantial risk of death. A conviction for first-degree assault is valid, provided the remaining elements are proven, if protracted disfigurement, impairment of health or protracted loss or impairment of a bodily organ of the victim results. For example, a defendant may intentionally damage a victim's eyesight or hearing by means of a dangerous weapon without manifesting extreme indifference to the value of the victim's life itself. Those and any other number of intentionally inflicted injuries may be serious but not life threatening. Therefore, a defendant may commit assault in the first degree without necessarily committing assault in the second degree under ORS 163.175(1)(c).[4] Accordingly, the first test for determining the existence of a lesser included offense is not satisfied in this case.

The state nonetheless urges that the second test is satisfied on the jurisdictional facts in this case, because the indictment charged defendant with intentionally causing serious physical injury to the victim. Under the second test, it is not essential that the lesser offense be "necessarily included," in the sense of being subsumed in the elements of the more serious offense. What is required is that the facts alleged in the indictment must expressly include conduct that describes the elements of the lesser offense. *State v.*

---

[1] To be perfectly clear, our conclusion has no application to the other alternative definitions of second-degree assault provided in ORS 163.175(1)(a) and (b), neither of which requires circumstances manifesting extreme indifference to the value of human life.

*Moroney*, 289 Or 597, 600-01, 616 P2d 471 (1980). Because the second test for lesser included offenses is not logically dependent on the identity or merger of the elements of two separate offenses in every case, it must be satisfied on a case-by-case, as pleaded, basis.

The state points out that the indictment in this case alleged, in the language of the statutes describing both first- and second-degree assault, that defendant caused "serious physical injury" to the victim. The pleading of the elements of a criminal offense in the language of the statute defining that offense includes each alternative statutory meaning for those elements. *See State v. Strandquist*, 57 Or App 404, 406-07, 644 P2d 658, *rev den* 293 Or 483 (1982) (indictment alleging that defendant "resisted" arrest was legally sufficient, despite alternative statutory definitions of "resist"). Thus, in alleging the infliction of "serious physical injury," the indictment encompassed each of the alternative statutory meanings of that term. Physical injury *creating a substantial risk of death* is one of two alternative meanings of "serious physical injury." That definition of "serious physical injury," the state argues, conforms to the meaning of "extreme indifference" because, when caused recklessly, it reflects a state of mind manifesting little concern for the risk of death to another person. We disagree that those elements are identical.

When a defendant is charged with second-degree assault under ORS 163.175(1)(c), the "circumstances" under which the offense is committed are not limited to the nature of the injury inflicted alone. The trier of fact is entitled to consider all circumstances relevant to the element of "extreme indifference," including the defendant's statements and other conduct bearing on his or her mental state. Thus, a defendant's heightened state of recklessness may be proven by evidence apart from the nature and extent of the victim's injuries.

Moreover, there is no logical reason why an actor could not recklessly inflict injury creating a substantial risk of death and, yet, not have acted with extreme indifference to the value of human life. Although "extreme indifference" reflects more than ordinary recklessness, recklessness alone

may cause serious physical injury that creates a substantial risk of death. ORS 163.165 provides, in part:

"(1)   A person commits the crime of assault in the third degree if the person:

"(a)   *Recklessly causes serious physical injury* to another by means of a deadly or dangerous weapon[.]" (Emphasis added.)

If the state were correct that "creating a substantial risk of death" inherently implicates "extreme indifference to the value of human life," then under circumstances in which the state relies on that alternative meaning of "serious physical injury," second-degree assault under ORS 163.175(1)(c) would be indistinguishable from third-degree assault under ORS 163.165(1)(a). The offenses would be identical because both would require only (1) recklessness; (2) a particular type of serious physical injury; and (3) use of a deadly or dangerous weapon. In effect, the separate element of "extreme indifference to the value of human life" would disappear from the crime of second-degree assault under ORS 163.175(1)(c), when the state proceeds under the "substantial risk of death" alternative meaning for "serious physical injury."

We will not presume that the legislature intended to merge separate degrees of assault. To so presume would violate the statutory maxim that requires us to give effect, if possible, to each of several separate statutory provisions. ORS 174.010. Equally important, such a result would be untenable because second-degree assault is subject to the mandatory minimum sentence of 70 months under ORS 137.700(2); whereas third-degree assault is a guidelines offense that might result in a presumptive sentence ranging from probation to 30 months' imprisonment, depending on the defendant's criminal history. It would be illogical to presume that the legislature intended that identical criminal conduct could, depending solely on prosecutorial discretion, be indicted as either of two degrees of a crime with such widely divergent sentencing ranges.

■      For the foregoing reasons, we conclude that the indictment in this case did not allege the element of extreme indifference to the value of human life merely because it

alleged that defendant caused serious physical injury to the victim. As a consequence, the trial court lacked jurisdiction to convict defendant of assault in the second degree under ORS 163.175(1)(c). The proper lesser included offense in this case was assault in the third degree under ORS 163.165(1)(a), based on the trial court's findings that defendant recklessly caused serious physical injury to the victim by means of a dangerous weapon.

■    Defendant's remaining assignments of error do not merit discussion. We vacate the judgment of conviction and remand for entry of judgment convicting defendant of assault in the third degree under ORS 163.165(1)(a), including sentencing thereon. *See State v. Werder*, 112 Or App 179, 182, 828 P2d 474 (1992).

Judgment of conviction vacated; remanded for entry of judgment of conviction for lesser included offense of third-degree assault.