Argued and submitted June 22, 1999, reversed and remanded in part; otherwise
affirmed February 9, 2000

# STATE OF OREGON,
*Respondent,*

*v.*

# MICHAEL DONALD MOSES,
*Appellant.*

## (CR9700135; CA A98793)

997 P2d 251

Peter Gartlan argued the cause for appellant. With him on the brief were David E. Groom, Public Defender, and Diane L. Alessi, Deputy Public Defender.

Jennifer Scott Lloyd argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge,* and Armstrong, Judge.

EDMONDS, P. J.

---

* Deits, C. J., *vice* Warren, S. J.

**EDMONDS, P. J.**

Defendant appeals from a judgment of conviction for one count of attempted aggravated murder, ORS 163.095 (1995) and ORS 161.405, one count of first-degree assault, ORS 163.185, and one count of unlawful use of a weapon, ORS 166.220. He assigns as error: (1) the trial court's failure to give jury instructions concerning lesser-included offenses of the crimes of attempted aggravated murder and first-degree assault; (2) the trial court's instructions to the jury concerning the elements of attempted aggravated murder; and (3) the trial court's imposition of Measure 11 sentences. There is no assignment of error pertaining to the conviction for unlawful use of a weapon. We reverse, in part.

■ "We review the refusal to instruct the jury on a lesser[-]included crime for errors of law." *State v. Merideth*, 149 Or App 164, 166, 942 P2d 803, *rev den* 326 Or 58 (1997). In doing so, "[w]e review the evidence in the light most favorable to the establishment of facts that would require those instructions." *State v. Boyce*, 120 Or App 299, 302, 852 P2d 276 (1993). Defendant's convictions stem from a shooting incident during which defendant fired several gunshots from a car in which he was riding in the direction of a van in which there were six persons. Apparently, hostilities began developing while the occupants of the car and the van were inside a bowling alley. After the occupants of both vehicles left the bowling alley, a fight occurred in the parking lot. After the fight, the occupants left in their respective vehicles.

The shooting occurred approximately 18 blocks from the parking lot. According to defendant, the van stopped, and the driver got out and approached the car. Defendant testified that he "panicked" and fired several shots in the "general direction ahead of [them]," but that it was not his intent to kill anyone or to cause serious physical injury. According to the driver, he turned and jumped into the van after approaching defendant and observing that defendant had a gun. As the driver jumped into the van, a bullet went through the wing window of the driver's door before he could close the door. As the driver drove the van away, he heard four more shots. A female passenger in the van received her injuries during the final series of four shots.

Christopher Wright, the detective who investigated the incident, testified that defendant told him: "I took the gun in my right hand, I'm left-handed. I just pointed it and started shooting." Additionally, Wright testified that "[defendant] said that [the occupants of the car] didn't know if anyone else was getting out of the van" and that defendant had indicated that he thought that the van was full of the people who had just beaten them up. Finally, in response to Wright's question as to why he shot at the van, defendant said that he "guessed" that he did it because he was intoxicated and "beat up."

As a result of the incident, defendant was charged with six counts of attempted aggravated murder. Each of the six persons in the van was named as a primary victim in a separate count. Defendant was also charged with one count of first-degree assault against the female passenger in the back of the van, who was the only occupant who was shot. Finally, defendant was charged with six counts of unlawful use of a weapon. The trial court submitted to the jury the six counts of attempted aggravated murder, the count of first-degree assault and the count of unlawful use of a weapon that referred to the injured female passenger in the van.[1]

██ In defendant's first assignment of error, he asserts that the trial court erred by failing to instruct the jury as to the elements of recklessly endangering another person, ORS 163.195, which he contends is a lesser-included offense of the crime of attempted aggravated murder. The state counters that recklessly endangering another person is not a lesser-included offense of attempted aggravated murder based on the statutory elements or as alleged in the indictment.

ORS 136.465 provides

"In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which the defendant is charged in the accusatory instrument or of an attempt to commit such crime."

---

[1] We note that one circumstance that will increase the severity of attempted murder to attempted aggravated murder is the attempt to take more than one life. See ORS 163.095(1)(d) (1995). However, defendant was acquitted of the other counts of attempted aggravated murder.

In *State v. Wille*, 317 Or 487, 495 n 7, 858 P2d 128 (1993), the Supreme Court stated that "[a] lesser-included offense is one that is included either in the statutory framework defining the greater and lesser offenses or in the accusatory instrument itself." The court also stated that "[g]enerally, a jury may find a defendant guilty of any lesser-included offense[ ]" but that "a defendant is not entitled to a jury instruction on a lesser-included offense unless there is evidence from which a jury" rationally could find the defendant guilty of a lesser-included offense and not guilty of the greater offense for which the defendant is charged. *Id.* at 494.

Attempted aggravated murder is defined by ORS 161.405 and ORS 163.095 (1995). ORS 161.405 provides, in part:

"(1) A person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime."

ORS 163.095 (1995) provided, in part:

"As used in ORS 163.105 and this section, 'aggravated murder' means murder as defined in ORS 163.115[2] which is committed under, or accompanied by, any of the following circumstances:

"(1)   * * *

"* * * * *

"(d)   There was more than one murder victim in the same criminal episode as defined in ORS 131.505."

Recklessly endangering another person is defined by ORS 163.195. That statute provides, in part:

---

[2] ORS 163.115 (1995) provided, in part:

"(1) Except as provided in ORS 163.118 and 163.125, criminal homicide constitutes murder:

"(a) When it is committed intentionally, except that it is an affirmative defense that, at the time of the homicide, the defendant was under the influence of an extreme emotional disturbance[.]"

ORS 163.005(1) provides:

"A person commits criminal homicide if, without justification or excuse, the person intentionally, knowingly, recklessly or with criminal negligence causes the death of another human being."

> "(1) A person commits the crime of recklessly endangering another person if the person recklessly engages in conduct which creates a substantial risk of serious physical injury to another person."

Because a person can "intentionally engage[ ] in conduct which constitutes a substantial step" toward the commission of an intentional murder of more than one person, ORS 161.405, *without* engaging "in conduct which creates a substantial risk of serious physical injury," ORS 163.195, the elements of recklessly endangering another person are not subsumed within the elements of attempted aggravated murder. However, that does not end our inquiry. We must also determine whether the offense of recklessly endangering another person is included in the indictment.

The indictment concerning the count of attempted aggravated murder for which defendant was convicted charges:

> "The said defendant on or about the 18th day of January, 1997, in the County of Clackamas, State of Oregon, did unlawfully and intentionally attempt to cause the death of another human being, to-wit: Jacob Jamieson by firing shots into a van occupied by said victim, said defendant having unlawfully and intentionally attempted, in the course of the same criminal episode attempt to cause the death of an additional human being, to wit: Fritz Hoffman, III, by firing shots into a van occupied by said victim, said act of defendant being contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon.

> "The state further alleges that during the commission of this felony, the defendant used a firearm, to-wit: a gun."

According to the indictment, the substantial step that defendant took in attempting the aggravated murder of the driver of the van was the firing of shots at him. The alleged conduct could have been prompted by an intent to cause the death of the driver, or it could describe a reckless act by defendant that created a substantial risk of serious physical injury to the driver but did not injure him. In *State v. Smith*, 21 Or App 270, 534 P2d 1180, *rev den* (1975), the defendant was convicted of attempted murder after shooting

in the general direction of a police officer, who was not injured. On appeal, the defendant argued that the trial court erred when it instructed the jury that he could be found guilty of attempted murder if he " 'did intentionally *attempt* to cause the death of [the officer] *or* that [he] did intentionally engage in conduct which recklessly placed the life of [the officer] in danger under circumstances manifesting an extreme indifference to the value of human life.' " *Id.* at 273 (emphasis in original). After examining the statutory scheme and the Criminal Law Revision Commission's Commentary to ORS 163.195, the recklessly endangering statute, we observed "that the legislative scheme, as a whole, is complete and consistent with the approach that 'one cannot attempt to act recklessly.' " *Smith,* 21 Or App at 279. We concluded that there is no crime of "attempted reckless murder" under Oregon law and that the only crime based on the mental state of recklessness that could have occurred, based on the fact that the officer was not injured, was the crime of recklessly endangering another person under ORS 163.195. Because we could not tell from the verdict whether the jury found that the defendant fired in the officer's direction with the intent to kill him or whether it found that the defendant acted recklessly when he fired, we reversed the attempted murder conviction.

This case presents a variation of what occurred in *Smith.* The state alleges that defendant acted intentionally. Defendant contends that he acted recklessly. Defendant sought a lesser-included instruction under ORS 163.195, apparently based on the evidence that he was intoxicated and that he did not intend to kill anyone or cause serious physical injury. The indictment also alleges conduct that constitutes the elements of recklessly endangering another person under ORS 163.195, *i.e.,* the firing of shots into a van loaded with occupants. Because the allegations of the indictment include the necessary elements and defendant's evidence supports the giving of a lesser-included instruction under ORS 163.195, it was error for the trial court to refuse to give defendant's requested instruction.

■ In defendant's second assignment of error, he challenges the conviction for the assault of the female passenger. He asserts that the trial court erred by failing to instruct the

jury as to the elements of reckless assault in the second degree under ORS 163.175(1)(c)[3] and reckless assault in the third degree under ORS 163.165(1)(a)[4] because they are lesser-included offenses of the crime of intentional assault in the first degree under ORS 163.185(1),[5] with which he was charged. Defendant asked the trial court to give the lesser-included instructions, but the court refused. Specifically, defendant points out that the mental state of recklessness is subsumed within the mental state of acting intentionally. ORS 161.115(3).[6]

[3] ORS 163.175 provides, in part:

"(1) A person commits the crime of assault in the second degree if the person:

"* * * * *

"(c) Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon under circumstances manifesting extreme indifference to the value of human life."

[4] ORS 163.165 (1995) provides, in part:

"(1) A person commits the crime of assault in the third degree if the person:

"(a) Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon[.]"

[5] ORS 163.185 provides, in part:

"(1) A person commits the crime of assault in the first degree if the person intentionally causes serious physical injury to another by means of a deadly or dangerous weapon."

[6] After the parties briefed and argued this case, we decided *State v. Cook*, 163 Or App 578, 989 P2d 474 (1999). In *Cook*, the defendant was indicted for assault in the first degree. The indictment alleged, in pertinent part: " 'The defendants, acting together and as part of the same transaction * * * did * * * intentionally cause serious physical injury to [Spencer] by means of a dangerous weapon, to wit: shoes * * *.' " *Id.* at 580. (omissions in original; bracketed material in original). We held that the elements of reckless assault in the second degree under ORS 163.175(1)(c) are not necessarily subsumed in the elements of assault in the first degree. We also held that the indictment in that case did not allege assault in the second degree under ORS 163.175(1)(c) because it failed to "allege the element of extreme indifference to the value of human life merely because it alleged that defendant caused serious physical injury to the victim." *Cook*, 163 Or App at 586-87.

Also, the Supreme Court decided *State v. Barnes*, 329 Or 327, 986 P2d 1160 (1999), after this case was submitted to us. In that case, the defendant requested the following instruction:

" '[t]o act knowingly in this case the defendant had to have acted with an awareness that his conduct *would cause* a serious physical injury. A person achieves a particular result knowingly when he is practically certain that his conduct *will cause* that result. A person who is aware of and consciously disregards a substantial and unjustifiable risk that a serious physical injury will occur acts recklessly, but not knowingly[.]' " *Id.* at 330 (bracketed material in original; emphasis in original).

The state responds: "The state concedes that the trial court committed error in refusing to give the requested jury instructions; nevertheless, this court should affirm the conviction and sentence, because the error was harmless."[7] Specifically, the state asserts:

"By finding defendant guilty of attempted aggravated murder, the jury necessarily found that, in firing the shots, defendant acted intentionally, and with intent to kill [the driver] and [another male passenger]. The jury thus necessarily rejected defendant's claim that his intent was diminished as a result of his intoxication.

"* * * [B]y convicting defendant of * * * unlawful use of a weapon, the jury necessarily concluded that defendant had the conscious objective to fire the weapon when he did. Moreover, the jury necessarily rejected his claim that he was not shooting at anyone and did not intend to hurt or kill anyone. Since the only difference between the various degrees of assault for which the instructions were requested was the *mental state*, and in convicting him of the other offenses the jury necessarily concluded as to defendant's actions that he acted intentionally, this court should conclude that the trial court's error was harmless.

"Because of the lawful verdicts of guilty as to attempted aggravated murder and unlawful use of a weapon, this court should conclude that the trial court's error in failing to submit the instruction regarding the lesser[-]included offenses of first-degree assault [was harmless]." (Footnote omitted; emphasis in original.)

The state's argument has two components: the effect of the jury's finding that defendant acted intentionally with regard to the shots fired at the driver and the effect of its finding that defendant intentionally discharged a gun at or in the

The Supreme Court held that the trial court did not err when it refused to give the defendant's requested instruction. Neither of these decisions bears on our reasoning in response to the parties' arguments on the second assignment of error.

[7] *See* ORS 138.230 ("After hearing the appeal, the court shall give judgment, without regard to the decision of questions which were in the discretion of the court below or to technical errors, defects or exceptions which do not affect the substantial rights of the parties."); *see also State v. Kitzman*, 323 Or 589, 606, 920 P2d 134 (1996) (reasoning that, under state law, "an error in a criminal trial in Oregon is harmless if there is little likelihood that the error affected the verdict").

direction of the female passenger. Defendant does not contend that his mental state differed depending on which shot is considered. Rather, he asserts that he acted recklessly regarding all of the shots fired. Although requested by defendant, the jury was never permitted to evaluate whether defendant acted recklessly when he fired the shots. The fact that he may have been found to have intentionally fired the shots at the driver and in the direction of the female passenger does not obviate that problem. Because the court did not give the lesser-included instructions, the jury did not have a complete statement of the law, and we are unable to determine what the verdict would have been had the jury been properly instructed. As the Supreme Court reasoned in *State v. Naylor*, 291 Or 191, 197-98, 629 P2d 1308 (1981):

> "The failure of the trial court to give the instruction resulted in the case being submitted to the jury without a complete statement of the law necessary for the jury to properly exercise its function in the trial of this defendant. We are unable to say what the verdict would have been had the theory of the defense been properly presented to the jury."

Thus, the trial court's error in failing to give the lesser-included instructions was not harmless.

Because of our disposition as to the first and second assignments of error, there is no need for us to address defendant's remaining assignments.

Convictions for attempted aggravated murder and first-degree assault reversed and remanded; otherwise affirmed.