Argued and submitted May 23, 2005, affirmed February 1, petition for review allowed May 23, 2006 (340 Or 672)

# STATE OF OREGON,
*Respondent,*

*v.*

## KARLA CROSBY,
*Appellant.*

0112-38549; A120319

129 P3d 699

Robin A. Jones, Senior Deputy Public Defender, argued the cause for appellant. With her on the brief were Peter Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Bethany Cunningham, Assistant Attorney General, argued the cause for respondent. With her on the brief were

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Chief Judge,* and Armstrong, Judge.

LANDAU, P. J.

---

* Brewer, C. J., *vice* Ceniceros, S. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction for manslaughter in the first degree. ORS 163.118(1)(c). Her sole assignment of error pertains to the propriety of the trial court's jury instruction concerning the elements of the offense. She contends that the court's instruction was erroneous and impermissibly confusing to the jury. We disagree and therefore affirm.

The facts necessary to dispose of the appeal are not in dispute. Defendant lived with her elderly mother, whose health began to decline during the 1990s. In 2001, defendant brought her mother to a hospital emergency room because her mother had difficulty swallowing. Hospital workers observed that the mother suffered from, among other things, dehydration, muscle atrophy, malnourishment, and sepsis resulting from infection of a number of bedsores.

Defendant's mother was transferred to a convalescent center for hospice care. Meanwhile, hospital staff reported defendant's mother's condition to the police for investigation of possible elder abuse. Police investigated and later arrested defendant. Several days later, defendant's mother died. The probable cause of death was sepsis resulting from infected bedsores.

Defendant was charged with two counts of murder by abuse. The first count charged her with the death of a dependent person resulting from neglect or maltreatment. ORS 163.118(1)(c)(B). The second count charged her with the death of a dependent person resulting from a pattern or practice of assault. ORS 163.118(1)(c)(A).

At trial, the court's instructions to the jury included definitions of terms used in the instructions concerning the elements of the offenses, the elements of murder by abuse, and the elements of the lesser-included offense of manslaughter in the first degree. The jury ultimately acquitted defendant of the charges of murder by abuse, but it found defendant guilty of two counts of manslaughter. At issue on appeal is the adequacy of the instructions with respect to the elements of manslaughter. We therefore turn to the specifics of those instructions.

The court's definitional instructions included a description of "reckless" conduct, taken from Uniform Criminal Jury Instruction (UCrJI) 1036:

"A person acts recklessly if that person is aware of and consciously disregards a substantial and unjustifiable risk either that *a particular result will occur or that a particular circumstance exists.* The risk must be of such nature and degree that disregarding it constitutes a gross deviation from the standard of care that a reasonable person would observe in this situation."

(Emphasis added.) The instruction did not include an explanation as to what it means to say that a person must be aware of and consciously disregard a risk that "a particular result will occur or that a particular circumstance exists."

The court then instructed the jury that, to establish the crime of manslaughter in the first degree, the state must prove that, among other things, defendant "recklessly" caused the death of a dependent person by neglect or maltreatment or by a pattern or practice of assault of the dependent person.

During deliberations, the jury asked the court for further guidance about the instructions, in particular, about the court's definition of the term "reckless." Specifically, the jury asked whether "a particular result" referred to defendant's mother's death and whether "a particular circumstance exists" also referred to death or instead to "just the existence of skin breakdown."

The court provided the jury with the following response:

"You have been provided with definitions of certain words and phrases. The court expects you to apply or use other words or phrases which have not been defined under their ordinary meaning as you understand. If you do not know the ordinary meaning of a particular word or phrase, you may ask for a definition. The court may provide a definition or may inform you that no further definition will be provided.

"In regard to the two phrases set out above, it is important to not take them out of context. These phrases appear

in the instructions labeled 'Recklessly' and 'Criminal Negligence.' You must read and consider those instructions in their entirety and as part of all of the instructions.

"In this case, the phrase 'a particular result' can only mean the death of [defendant's mother]. The phrase 'that a particular circumstance exists' does not necessarily mean only one thing in this case. Based upon your application of all of the court's instructions and definitions, you should decide what circumstances should be considered in your deliberations."

Defendant took exception to the foregoing clarifying instruction. Among other things, defendant argued that the court's comments about the meaning of the term "that a particular circumstance exists" left the jury without any explanation of the limits of what "particular circumstances" may be relevant. Defendant argued that the statute from which the instruction was taken makes clear that "by saying 'the circumstance,' [it] is referring to a circumstance leading to the crime for which a person is charged," in this case a crime involving death. According to defendant, the jury should have been instructed that, whatever the phrase may entail, "all of those circumstances must lead to * * * death."

On appeal, defendant once again contends that the trial court's clarifying instruction should have explained to the jury that the "particular circumstance" that is a component of the definition of reckless conduct must, in the context of a manslaughter charge, refer to the circumstances that describe the offense itself, that is, death by a particular means. The state responds that the instruction conforms with UCrJI 1036 and, when considered in context, was not erroneous.

■ We review the sufficiency of the court's instruction for errors of law. *State v. Barnes*, 329 Or 327, 333, 986 P2d 1160 (1999). In determining whether the instruction accurately stated the law, we consider the instructions as a whole. *State v. Thompson*, 328 Or 248, 266, 971 P2d 879 (1999).

In this case, defendant argues that the court's clarifying instruction conflicts with the elements of the offense, as defined by statute. ORS 163.118(1)(c) defines manslaughter in the first degree as follows:

> "A person recklessly causes the death of * * * a dependent person, * * *, and
>
> "(A) The person has previously engaged in a pattern or practice of assault or torture of the victim * * * or
>
> "(B) The person causes the death by neglect or maltreatment * * *."

The term "recklessly," in turn, is defined by statute:

> " 'Recklessly,' when used with respect to a result or to a circumstance described by a statute defining an offense, means that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

ORS 161.085(9).

The statutory definition thus begins with the qualification that it applies when the term "recklessly" is used in either of two situations, namely, when it is used "with respect to a result * * * described by a statute defining an offense" or when it is used with "a circumstance described by a statute defining an offense." The statute then provides that the term means that a person is "aware of and consciously disregards a substantial and unjustifiable risk that the *result will occur or that the circumstance exists*." (Emphasis added.) Plainly, "the result" or "the circumstance" refers back to the beginning of the sentence, in which there is reference to a "result" or "a circumstance described by a statute defining an offense." Thus, not just any result or circumstance may be considered in determining whether a person acts recklessly, only a result or circumstance "described by a statute defining an offense."

As a result, the meaning of "the result" or "the circumstance" as used to define "recklessly" within the meaning of ORS 161.085(9) will depend on the particular offense at issue. If the offense is manslaughter under ORS 163.118(1)(c)(B), for example, "the result" or "the circumstance" necessarily would be the death by neglect or maltreatment for that is the result or circumstance that defines

the offense. *See State v. Merideth*, 149 Or App 164, 167, 942 P2d 803, *rev den*, 326 Or 58 (1997) (" 'Recklessly' in the manslaughter statute describes a mental state associated with the act of causing a person's death."). In defendant's view, the trial court's clarifying instruction failed to convey that meaning.

■       The clarifying instruction itself, however, is unobjectionable. By that instruction, the court refrained from giving further definition to the term "circumstances" and directed the jury to return to the instructions given at the outset. Thus, the clarifying instruction contained error only to the extent that the original instructions to which it referred contained error.

The problem is, defendant did not challenge UCrJI 1036. Only after the court delivered that instruction without objection, after the jury had begun deliberations and later interposed its question, and after the court had delivered its clarifying instruction did defendant object. *See Bennett v. Farmers Ins. Co.*, 332 Or 138, 154, 26 P3d 785 (2001) ("To have preserved an error of omission in the jury instructions given, [a party] must have pointed out that error of omission to the trial court, and an exception must have been made immediately after the court instructed the jury.").

We conclude that the trial court did not err in delivering its clarifying instruction to the jury.

Affirmed.