**William BISCHOFF, Petitioner—Appellant,**

v.

**Robert O. LAMPERT, Respondent—Appellee.**

No. 05–35590.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 4, 2006.

Filed July 25, 2006.

---

**10.** *Id.* at 1110 n. 14.

Steven T. Wax, FPDOR—Federal Public Defender's Office, Portland, OR, Tonia L. Moro, Esq., FPDOR—Federal Public Defender's Office, Medford, OR, for Petitioner–Appellant.

Douglas Park, Esq., AGOR—Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: TASHIMA and W. FLETCHER, Circuit Judges, and POLLAK *, Senior Judge.

MEMORANDUM **

Oregon state prisoner William Bischoff appeals the district court's denial of his petition for a writ of habeas corpus. Bischoff contends that the district court erred in finding that he procedurally defaulted on part of his ineffective assistance of counsel ("IAC") claim for failure to investigate and challenge an allegedly biased juror, in denying his motion to expand the record under Rule 7 of the Rules Governing § 2254 Cases in the U.S. District Courts, and in dismissing two of his IAC claims on the merits.[1] Because the parties are familiar with the facts, we do not recite them in detail. While we do not agree with the district court that Bischoff procedurally defaulted on a portion of one of his IAC claims, we nonetheless affirm.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review *de novo* a district court's denial of a habeas petition, *Williams v. Runnels*, 432 F.3d 1102, 1105 (9th Cir.2006), including the denial of habeas relief based on procedural default, *Vang v. Nevada*, 329 F.3d 1069, 1072 (9th Cir.2003).

Federal courts cannot grant habeas relief unless the state prisoner has exhausted state court remedies. *See Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 738, 163 L.Ed.2d 579 (2005) (holding that a

---

\* The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Bischoff also alleged that he received ineffective assistance of counsel for failure to investigate, call, and challenge evidence relating to his mental state. The district court found that Bischoff procedurally defaulted this claim. Bischoff did not appeal this finding.

petitioner must fairly present his federal claims to the state court in order to satisfy the exhaustion requirement); *see also Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir.2003) (en banc) (noting that when state procedural rules bar a prisoner who fails to exhaust state court remedies from returning to state court, the prisoner has procedurally defaulted). A prisoner may, however, raise new factual allegations in federal court if they do not "fundamentally alter" the legal claim that the state courts previously considered. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir.1999) (internal quotation marks omitted).

■ While Bischoff's federal habeas petition asserted a source of bias not raised before the Oregon Court of Appeals or Oregon Supreme Court, this does not "fundamentally alter" his claim that his trial counsel was ineffective for failing to question juror Jake Myers for bias. *See id.* (subdividing a claim that raises one federal constitutional violation and provides one factual basis is "unwarranted hairsplitting"). Hence, as Bischoff properly exhausted his state court remedies, the district court erred in finding that he procedurally defaulted this IAC claim.

Nevertheless, on the merits, Bischoff cannot satisfy the "prejudice" prong of the test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and thus cannot succeed on his IAC claim based on his trial counsel's failure to investigate and challenge juror Myers. *See id.* at 697, 104 S.Ct. 2052 (noting that courts may consider either prong of the test first and need not address both if the defendant fails one). Prejudice exists if counsel fails to question a juror during voir dire and that juror is found to be biased, as this evinces

"a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Fields v. Brown*, 431 F.3d 1186, 1199 (9th Cir.2005) (quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052). Here, we analyze juror bias under an implied bias theory. *See id.* at 1193–94.[2]

We begin with the proposition that bias should only be inferred in "extreme" or "extraordinary" cases. *Smith v. Phillips*, 455 U.S. 209, 222, 223 n. *, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982) (O'Connor, J., concurring). We presume bias in only "those extreme situations where the relationship between a prospective juror and some aspect of the litigation is such that it is highly unlikely that the average person could remain impartial" or where there is the "potential for substantial emotional involvement, adversely affecting impartiality." *Tinsley v. Borg*, 895 F.2d 520, 527 (9th Cir.1990) (internal quotation marks and citations omitted).

■ Bischoff's allegation that Myers was biased because he was a reformed alcoholic and an opponent of those who drink is not an extreme situation warranting a presumption of bias. Being a reformed alcoholic should not bar a juror from serving in a trial where alcohol is a component of the offense. *See Tinsley*, 895 F.2d at 527 (noting that courts "should hesitate before formulating categories of relationships which bar jurors from serving in certain types of trials"). Moreover, Bischoff's claim that Myers was biased against him because they knew one another from horse racing and that they had stopped speaking to each other due to a disagreement about horse training does not constitute one of those rare and excep-

---

**2.** We need not discuss actual bias because Bischoff does not allege that Myers' answers reflected bias. Moreover, we have not been provided with the transcript of the voir dire proceeding, if one exists.

tional circumstances in which it is highly unlikely that the average person could remain impartial as a juror. *See id.* Thus, even if the performance of Bischoff's trial counsel was deficient under *Strickland's* first prong, Bischoff suffered no prejudice.

 A petitioner who seeks to expand the record in district court under Rule 7 of the Rules Governing § 2254 Cases in the U.S. District Courts must comply with 28 U.S.C. § 2254(e)(2). *Cooper–Smith v. Palmateer,* 397 F.3d 1236, 1241 (9th Cir.2005). If the petitioner does not exercise diligence in his efforts to develop the factual basis of his claim in state court, he has failed to develop his claim under § 2254(e)(2). *See Williams v. Taylor,* 529 U.S. 420, 435–37, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000). Because Bischoff did not allege in his state court proceedings that he tried to retain or contact an expert, or even that he could not afford an expert's services, he has not shown diligence in his efforts to seek expert testimony. *See Cooper–Smith,* 397 F.3d at 1241 ("The failure to investigate or develop a claim given knowledge of the information upon which the claim is based, is not the exercise of diligence."). Thus, the district court did not err in denying his motion to expand the record.

Even if the record were expanded to include the letter written by accident reconstruction expert Brad Wong, Bischoff still cannot establish *Strickland* prejudice with regard to his IAC claim for failure to investigate the accident and challenge the state's accident reconstruction evidence. *See Lambert v. Blodgett,* 393 F.3d 943, 982 (9th Cir.2004) ("Where the alleged error is counsel's failure to investigate a potential defense, [the court must determine] whether ... the defense would have likely succeeded at trial.").

Three eyewitnesses testified that Bischoff drove erratically and failed to brake, and that he showed no emotion after the accident. Further, Bischoff's blood alcohol content was more than twice the legal limit. Thus, there was ample evidence for a reasonable trier of fact to find Bischoff guilty of first degree manslaughter. *See, e.g., State v. Belcher,* 124 Or.App. 30, 860 P.2d 903, 904 (1993) (affirming conviction of first degree manslaughter when defendant drove while intoxicated, ran red lights, and hit the victim and failed to stop). Given this ample evidence of guilt, there was no reasonable probability that Wong's testimony would have affected the jury's verdict. Hence, Bischoff cannot establish *Strickland* prejudice.

Accordingly, the district court's dismissal of Bischoff's habeas petition is **AFFIRMED.**