Submitted August 23, reversed and remanded for entry of a judgment consistent with this opinion and for resentencing September 28, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DESHA MARIE MIDDLETON,
*Defendant-Appellant.*

Multnomah County Circuit Court
130934253; A158326

383 P3d 441

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Flynn, Judge, and DeHoog, Judge.

## PER CURIAM

Defendant was charged with three counts of first-degree custodial interference (Counts 1, 2, and 4), ORS 163.257, and one count of second-degree custodial interference (Count 3), ORS 163.245. After a jury found defendant guilty on all counts, the court merged Counts 1 and 2 into a single conviction for Count 1, and merged Counts 3 and 4 into a single conviction for Count 4. In her first and second assignments of error, defendant contends that the trial court erred in denying her motions for judgment of acquittal on Counts 2 and 4. Both of those counts required proof that defendant exposed her daughter "to a substantial risk of physical injury." Defendant asserts that the state failed to produce sufficient evidence as to either count that she had exposed her daughter to a substantial risk of physical injury. The state, for its part, concedes that the trial court should have "granted an acquittal on the first-degree custodial interference charges on counts 2 and 4 and allowed those counts to proceed only on the lesser-included second-degree custodial interference charges." Thus, in the state's view, we should reverse and remand for the judgment to reflect:

"(1)   an acquittal on the first-degree custodial interference charges on counts 2 and 4;

"(2)   guilty verdicts on the lesser-included second-degree custodial interference charges on counts 2 and 4;

"(3)   a conviction for first-degree custodial interference on count 1;

"(4)   the fact that the second-degree custodial interference guilty verdict on count 2 merges with count 1;

"(5)   a conviction for second-degree custodial interference on count 3; and

"(6)   the fact that the second-degree custodial interference guilty verdict on count 4 merges with count 3."

(Footnote omitted.) We accept the state's concession and agree with the state's proposed disposition. *See* ORS 163.245 (defining second-degree custodial interference); ORS 163.257 (defining first-degree custodial interference

as a violation of ORS 163.245 plus an additional element);[1] *State v. Cook*, 163 Or App 578, 581, 989 P2d 474 (1999) (an offense is a lesser-included of another if "one offense is necessarily included within the other because the elements of the former are subsumed in the latter").

Reversed and remanded for entry of a judgment consistent with this opinion and for resentencing.

---

[1] Pursuant to ORS 163.257,

"(1) A person commits the crime of custodial interference in the first degree if the person violates ORS 163.245 and:

"(a) Causes the person taken, enticed or kept from the lawful custodian or in violation of a valid joint custody order to be removed from the state; or

"(b) Exposes that person to a substantial risk of illness or physical injury."