Submitted April 11; convictions on Counts 3, 4, 5, and 6 reversed, award of $1,500 in restitution to the Victim's Emergency Fund of the Washington County District Attorney's Office reversed, remanded for resentencing, otherwise affirmed May 11, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSE LUIS TORRES,
*Defendant-Appellant.*

Washington County Circuit Court
19CR59408; A174357

511 P3d 85

Erik M. Buchér, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David O. Ferry, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Powers, Presiding Judge, and Lagesen, Chief Judge, and Hellman, Judge.

PER CURIAM

Convictions on Counts 3, 4, 5, and 6 reversed; award of $1,500 in restitution to the Victim's Emergency Fund of the Washington County District Attorney's Office reversed; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant appeals a judgment of conviction for one count of first-degree sexual abuse (Count 1 and Count 2, merged), ORS 163.427, and four counts of using a child in a sexually explicit display (Counts 3, 4, 5, and 6), ORS 163.670. He raises 11 assignments of error. For the reasons that follow, we reverse the convictions on Counts 3 through 6, reverse the restitution award to the Washington County District Attorney's Office Victim's Emergency Fund, and remand for resentencing but otherwise affirm.

In his first four assignments of error, defendant assigns error to the denial of his motion for judgment of acquittal on Counts 3 through 6. Those counts were based on defendant's conduct of placing hidden cameras in the bedroom of the 14-year-old daughter of his girlfriend and secretly using them to film her while she was nude. Defendant contends that, under *State v. Cazee*, 308 Or App 748, 482 P3d 140 (2021), to prove that defendant violated ORS 163.670, the state was required to prove that defendant permitted the victim to engage in sexually explicit conduct for him to record and that it is not enough that he made sexually explicit films of her without her knowledge. He argues further that, in this case, the record contains no evidence to support a finding that he permitted the victim to engage in the conduct that he secretly filmed and that, consequently, he is entitled to a judgment of acquittal on Counts 3 through 6.

The state concedes that, under *Cazee*, the evidence in this record is insufficient to establish the connection between defendant's conduct and the sexually explicit conduct of the victim needed to render defendant criminally liable under ORS 163.670. *Cazee*, 308 Or App at 762-64. We agree with the state's concession in light of *Cazee*. We therefore reverse defendant's convictions on Counts 3 through 6. This obviates the need to address defendant's seventh through tenth assignments of error, which challenge the sentences imposed on Counts 3 through 6.

In his fifth assignment of error, defendant assigns error to the trial court's denial of his motion to exclude evidence that law enforcement was unable to access one of his cell phones, a Samsung. He asserts, as he did below, that

the evidence implicitly and impermissibly commented on his constitutional right to refuse to consent to a search of the phone and, alternatively, that the court abused its discretion under OEC 403 in admitting it. He also makes an unpreserved argument that the admission of the evidence violated his due process rights. The state responds that we should reject the due process argument as unpreserved and otherwise conclude that the trial court did not err. Alternatively, the state argues that any error likely did not affect the jury's guilty verdicts on Counts 1 and 2 and is therefore harmless as to defendant's remaining convictions. As we explain, we agree with the state that any error was harmless and reject defendant's fifth assignment of error for that reason.

"Erroneously admitted evidence is harmless if it had little likelihood of affecting the jury's verdict." *State v. Reineke*, 297 Or App 84, 93, 441 P3d 637, *rev den*, 365 Or 533 (2019). To evaluate whether the erroneous admission of evidence is harmless, "we consider any differences between the quality of the erroneously admitted evidence and other evidence admitted on the same issue to assess whether the jury would have found the evidence to be duplicative, cumulative, or unhelpful in its deliberations." *State v. Chandler*, 278 Or App 537, 541, 377 P3d 605, *rev den*, 360 Or 568 (2016) (internal quotation marks omitted). In this instance, our conclusion that defendant is entitled to a judgment of acquittal on Counts 3 through 6 eliminates the need to assess whether the admission of the evidence was harmful as to the convictions on those counts. That leaves the question of whether the evidence likely affected the conviction for sexual abuse on Count 1—the result of merged guilty verdicts on Counts 1 and 2.

With respect to that count, defendant contends that the evidence that law enforcement was not able to access the content of his Samsung phone could have affected the jury's assessment of whether he acted with a sexual purpose in touching the victim. In support of that argument, defendant notes that "to prove that defendant had such a purpose in this case, the state relied heavily on an inference drawn from his sexual interest in children, which itself was evidenced *only* by the allegation that he had intentionally

collected and viewed naked images of L." (Emphasis in original.)

We are not persuaded. On this record, it is unlikely that the evidence in question affected the jury's assessment of whether defendant had a sexual purpose when he touched the victim in the manner charged in Counts 1 and 2. For one, the evidence does not speak to that issue on its face, and the jury was not presented with a theory that connected the evidence to the issue. More significantly, other evidence addressed the issue more directly, namely, the evidence of the touching itself, as well as evidence that defendant had nude videos of the victim. The victim's mother testified that she saw videos of the victim, nude, on defendant's phone. And the victim testified that defendant put his hand under the victim's clothing, including her bra and leggings, and rubbed her from below her belly button to "pretty close under [her] breasts." Given that more direct evidence of defendant's sexual purpose, it is not likely that the evidence about the Samsung phone affected the jury's determination that defendant touched the victim with a sexual purpose on Counts 1 and 2. As to those counts, any error in admitting the evidence was harmless.

In his sixth assignment of error, defendant contends that his 75-month sentence on Count 1 is unconstitutionally disproportionate under Article I, section 16, of the Oregon Constitution. That contention is unpreserved and, in view of our cases rejecting similar challenges under similar circumstances, does not demonstrate error, plain or otherwise. *See, e.g.*, *State v. Camacho-Garcia*, 268 Or App 75, 341 P3d 888 (2014), *rev den*, 357 Or 164 (2015) (rejecting Article I, section 16, proportionality challenge to 75-month sentence for first-degree sexual abuse).

In his remaining assignment of error, defendant contends that the trial court erred in awarding $1,500 in restitution to the Victim's Emergency Fund of the Washington County District Attorney's Office. Defendant points out that the Victim's Emergency Fund is not the same thing as the state Crime Injuries Compensation Account under ORS 147.225, which is, by definition, a "victim" for purposes of the restitution statute, ORS 137.103. *See* ORS 137.103(4)(c)

(defining state Crime Injuries Compensation Account to be a victim). Defendant also argues that the state failed to demonstrate that the Victim's Emergency Fund qualified as a "victim" under any of the other provisions of ORS 137.103. In response, the state concedes that the trial court erred in determining that the Victim's Emergency Fund falls within any of the statutory definitions of a victim and, accordingly, erred in awarding restitution to the fund. That concession is well taken. We therefore reverse the award of restitution to the Victim's Emergency Fund.

Convictions on Counts 3, 4, 5, and 6 reversed; award of $1,500 in restitution to the Victim's Emergency Fund of the Washington County District Attorney's Office reversed; remanded for resentencing; otherwise affirmed.