104 June 4, 2025 No. 497

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANATOLIY M. BOROVETS,
*Defendant-Appellant.*

Multnomah County Circuit Court
20CR39111; A181742

Celia A. Howes, Judge.

Submitted May 15, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Shawn Wiley, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Hellman, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals from a judgment of conviction for one count of first-degree manslaughter, ORS 163.118; one count of failure to perform duties of a driver, ORS 811.705; one count of driving while suspended, ORS 811.182; and one count of reckless driving, ORS 811.140.

Defendant raises two assignments of error. In the first, he contends that the trial court erred in denying his motion for judgment of acquittal of first-degree manslaughter, because the evidence was insufficient for the jury to conclude that he acted "under circumstances manifesting an extreme indifference to the value of human life[.]" ORS 163.118(1)(a) (defining first-degree manslaughter). In the second, defendant contends that the trial court erred in admitting the victim's wife's testimony about a statement by the victim under the hearsay exception for excited utterances. *See* OEC 803(2) (describing that exception to the hearsay rule in OEC 802).

We conclude that the evidence in the record was sufficient for the jury to conclude that defendant's conduct manifested an extreme indifference to the value of human life, and that any error in admitting the challenged statement was harmless. Accordingly, we affirm defendant's convictions.

In his first assignment of error, defendant contends that the trial court "erred in denying defendant's motion for judgment of acquittal" of first-degree manslaughter. Although "defendant does not dispute on appeal that he drove recklessly," he argues that "the state failed to prove that he did so under circumstances manifesting extreme indifference to the value of human life."

Conduct manifesting extreme indifference to the value of human life is an essential element of the crime of first-degree manslaughter. ORS 163.118(1)(a). "This court reviews questions of the sufficiency of the evidence in a criminal case following a conviction by examining the evidence in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential

element of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995).

"[E]xtreme indifference to the value of human life means a state of mind where an individual cares little about the risk of death of a human being.'" *State v. Cook*, 163 Or App 578, 583, 989 P2d 474 (1999) (internal quotation marks omitted). "[I]t describes a level of recklessness that is characterized by a willingness to commit an extremely dangerous act and an indifference as to whether that act could cause the death of another human being." *State v. Ruiz*, 333 Or App 565, 566, 553 P3d 60, *rev den*, 373 Or 121 (2024) (internal quotation marks omitted). "[T]o determine whether a defendant's conduct manifests *** extreme indifference, this court considers circumstances surrounding the conduct that inform the nature of the risk to human life involved and the extent to which a defendant consciously disregarded that risk, *** including the circumstances before, during, and after the resulting injury or death." *State v. Giron-Cortez*, 372 Or 729, 741-42, 557 P3d 505 (2024) (internal quotation marks omitted).

Having reviewed the evidence in the record, in the light most favorable to the state, we conclude that it was legally sufficient for the jury to determine, accepting reasonable inferences and credibility choices, that defendant's conduct manifested an extreme indifference to the value of human life. The evidence includes the following. On the night of the incident, defendant drove 50 to 77 miles per hour in a 35-miles per hour speed limit zone in wet conditions. The crash occurred when defendant revved his engine, ran a red light, and sped through an intersection at a minimum of 77.1 miles per hour, failed to negotiate a turn, crashed through a grassy median, hit a fire hydrant, signs, and a tree; the car flipped in the air and landed upside down.

After the crash, defendant's passenger—*i.e.*, the victim—was hanging, unconscious, out of the passenger side of the car. Defendant crawled out of the car and, as he backed away, asked a witness if the passenger was dead. Defendant then ran from the scene, where alcohol containers and drug paraphernalia were found inside and near the vehicle.

Considering defendant's conduct leading up to and directly after the crash, we conclude that the evidence was sufficient for the jury to determine that defendant's conduct manifested extreme indifference to the value of human life. *See, e.g.*, *State v. Downing*, 276 Or App 68, 84-85, 366 P3d 1171 (2016) (determining that the defendant's decision to drive while impaired, her erratic driving, and her conduct at the scene of the crash were actions manifesting extreme indifference to the value of human life). Accordingly, the trial court did not err in denying defendant's motion for judgment of acquittal of first-degree manslaughter.

Regarding his second assignment of error, defendant contends that "[t]he trial court erred by admitting evidence of the hearsay statements the victim made to his wife" under the hearsay exception for excited utterances. OEC 803(2). Even assuming that statement was inadmissible, we could not reverse defendant's convictions because the statement's admission was harmless. *See State v. Miller*, 327 Or App 740, 749, 537 P3d 191, *rev den*, 371 Or 715 (2023) ("We may not reverse a criminal conviction based on the erroneous admission of evidence if the error did not substantially affect the defendant's rights, *i.e.*, if it was harmless. *State v. Davis*, 336 Or 19, 27-28, 77 P3d 1111 (2003)[.]"). We reach that conclusion after having "examine[d] the record as a whole and consider[ed] the error and the context in which it occurred." *Miller*, 327 Or App at 749 (internal quotation marks omitted). In light of the evidence in the record and discussed above, notably including undisputed evidence that defendant was driving well above the speed limit, the challenged statement "had little likelihood of affecting the jury's verdict." *State v. Torres*, 319 Or App 513, 515, 511 P3d 85 (2022) (internal quotation marks omitted).

Affirmed.