Argued and submitted November 13, 2008, reversed and remanded April 15, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## MICHAEL JOSEPH BARRIE,
*Defendant-Appellant.*

Jackson County Circuit Court
054612FE; A135053

206 P3d 256

Clayton J. Lance argued the cause for appellant. On the brief was Larry R. Roloff.

Susan G. Howe, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

BREWER, C. J.

## BREWER, C. J.

This case presents the question of whether a trial court, sitting as trier of fact, may, *sua sponte*, convict a defendant of a lesser-included offense after first acquitting the defendant of the greater charge where (1) neither party had requested that the lesser-included offense be considered; (2) the prosecutor had expressly eschewed pursuit of the lesser-included offense; and (3) the record demonstrates that defendant had no actual notice of the court's consideration of the lesser-included offense before the court rendered its oral verdict. We hold that, under those specific circumstances, the demands of due process preclude such a result. Accordingly, we reverse.

The pertinent facts are few and undisputed. Defendant was indicted for criminally negligent homicide after he crashed his motorcycle, killing his passenger. Before trial, the prosecutor offered to allow defendant to plead guilty to that charge. The prosecutor indicated that, if defendant did not plead guilty and accept a prison sentence, the prosecutor would reindict him for the more serious charge of second-degree manslaughter. Defendant rejected the offer, the prosecutor reindicted defendant for second-degree manslaughter, and the case proceeded to trial. Defendant waived his right to a jury trial, and the case was tried to the court.

After the evidentiary phase of the trial was concluded, the court recited its findings of fact and then rendered its verdict as follows:

"So we have the difference mainly between recklessly criminal negligence is the—either the person is aware of and consciously disregards it—or fails to be aware of a substantial amount of justifiable risk that the result will occur. So in analyzing this case I really find—find that the evidence does not rise to the level required to establish that the defendant was aware of the risk and consciously disregarded that risk. * * * So I do find the Defendant Not Guilty of the charge of Manslaughter in the Second Degree. However—I do feel that he was—did fail to be aware of a substantial amount of justifiable risk that involved what occurred and the circumstances exists. * * * So I do enter a finding of Guilty on the charge of Criminally Negligent Homicide[.]"

Defendant immediately objected on the ground that that charge was not properly before the court.

At his sentencing hearing, defendant submitted a written motion, challenging the trial court's authority to enter the conviction for criminally negligent homicide on the ground that defendant had had "no notice" that the charge was before the court. Defendant also represented that

> "[t]he Defendant was indicted [for criminally negligent homicide]. He was made an offer by the State that he could plead guilty to all the charges in the indictment. He responded by saying that he wanted Jury Trial on those charges. *The State said 'No. We are not going to let you have a Jury Trial on those charges.* We are going to reindict you on manslaughter,' and they did. And when they re-indicted [defendant], they specifically made a decision not to include the lesser included offenses. When we discussed this, and [the prosecutor] and I discussed this on numerous occasions, and I made it clear to him that we were not going to be requesting a negligent homicide, lesser included."

(Emphasis added.)

The prosecutor did not dispute that representation. In response, the court noted that "you know—if you say that there is no authority to do it, there is also no authority that says you can't, and so I guess this is a decision that the Appellate Courts are going to have to make." The court then overruled defendant's objection and made the following findings in support of its ruling:

> "I find that nobody did make a request, so that is clear, and that the Court finding that on its own authority that it does have the right to consider the lesser included charges that are included in the main charge—charging the * * * instrument. So—and so, therefore, the Motions * * * are all denied * * *."

This appeal followed.

■■ It is a basic component of a defendant's fundamental right to due process that a court may not find him guilty of a crime for which he has not received notice or an opportunity to prepare a defense. *De Jonge v. State of Oregon*, 299 US 353, 362, 57 S Ct 255, 81 L Ed 278 (1937) ("Conviction upon a charge not made would be sheer denial of due process."); *The*

*Grog House v. OLCC*, 12 Or App 426, 432, 507 P2d 419 (1973) ("[N]otice and an opportunity to prepare a defense are the requirements of due process * * *."). That principle is tempered, however, by the legislature's command that, "[i]n all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which the defendant is charged in the accusatory instrument[.]" ORS 136.465.

■      As the Supreme Court explained in *State v. Washington*, 273 Or 829, 837-38, 543 P2d 1058 (1975), ORS 136.465 codified the "pleadings or indictment approach" to lesser-included offenses, and one component of that approach is the rule that, "[because] the defendant ha[s] notice as to all elements of lesser crimes necessarily included in the principal offense, no due process notice problems [are] involved in allowing a conviction on the lesser-included offense." *Washington*, 273 Or 837; *accord State v. Gibbons*, 228 Or 238, 242, 364 P2d 611 (1961) ("It is a well established rule that an indictment of one offense includes, by necessary implication, charges of lesser-included offenses."); *State v. Wilson*, 182 Or 681, 684, 189 P2d 403 (1948) (construing OCLA section 26-948, identical in substance to ORS 136.465, and holding that, "under the two last sections above quoted, an indictment for murder in the first degree necessarily involves all other grades of homicide which the evidence tends to establish"); *State v. Wilson*, 172 Or 373, 378, 142 P2d 680 (1943) ("Having concluded that the indictment charges murder in the first degree, although not labeled as such, it follows that the lesser degrees of homicide are included therein."); *see also State v. Hunter*, 141 Or App 73, 78, 918 P2d 104, *rev den*, 324 Or 78 (1996) ("In charging defendant here with animal neglect in the first degree, the complaint also implicitly charged her with animal neglect in the second degree, a lesser-included offense."); *State v. Mink*, 30 Or App 339, 343, 567 P2d 1033 (1977) ("Under *Washington* * * *, we see no possible objection to permitting, *in a trial to the court* for the DUII crime, conviction for the lesser-included DUII infraction." (Emphasis in original.)).

The foregoing decisions establish that, under ORS 136.465, an indictment for a greater offense necessarily

places a defendant on notice of the possibility of his being convicted of a lesser-included offense. However, the application of that statute to the particular facts of a case is subject to the overarching due process concern identified in *De Jonge*: that a defendant must have notice and an opportunity to prepare a defense. 299 US at 362. In the mine-run of trials, both in trials to the court and, particularly, in jury trials, a defendant will have more specific notice than that provided by the accusatory instrument, and the parties will either have the opportunity to request jury instructions on the lesser-included offense, or the court, sitting as trier of fact, will alert the defendant to its consideration of a lesser-included offense at the motion for a judgment of acquittal stage. In those situations, the statutory principle that the defendant has "notice" of the lesser-included charges by virtue of the indictment for the greater charge presents no constitutional difficulty. Indeed, in the two cases where this court concluded that the trial court, sitting as a trier of fact, had authority to enter a conviction for a lesser-included offense, the issue whether the defendant had notice of that possibility was not raised. *See State v. Cook*, 163 Or App 578, 581, 989 P2d 474 (1999) ("[J]urisdiction does exist to enter a conviction for an offense not expressly charged if that offense is one that is lesser-included within the offense charged in the indictment."); *see also State v. Torres*, 182 Or App 156, 160, 48 P3d 170 (2002) (holding same). In *Torres*, for example, the trial court asked defense counsel directly if the defendant wanted the court to consider a lesser-included instruction.[1] *Id.* at 158-59.

In contrast, here it is uncontested that defendant had no notice that the trial court might enter a conviction for criminally negligent homicide. Rather, defendant had every reason to believe that it would not. Indeed, defendant proceeded to trial, after the prosecutor had *refused* to go to a jury trial on a charge of criminally negligent homicide, on the reasonable belief that the prosecutor had eschewed pursuit of

---

[1] Our opinion in *Cook* does not describe the trial or specify whether the defendant had notice of the trial court's consideration of the lesser-included offense. The defendant in *Cook* did not argue that he lacked notice, only that the trial court lacked jurisdiction.

that crime by reindicting him for the greater offense of second-degree manslaughter. The record reflects defendant's surprise and alarm at being convicted of the lesser offense of criminally negligent homicide; both defendant's opening statement and closing argument centered on the recklessness element of manslaughter, and the court denied defendant's motion for a judgment of acquittal because, at that stage of the proceeding, the court found the evidence sufficient to support the finding of a reckless *mens rea*. At no point in the record did defendant or the prosecutor argue, or the court suggest, that the lesser-included offense, which involved a different mental state, was or should have been under consideration. What is more, as discussed, the prosecutor specifically informed defendant that "we are not going to let you have a jury trial on [criminally negligent homicide]."

That unique confluence of factors in this case, each reinforcing the conclusion that defendant lacked actual notice that the lesser-included offense was under consideration by the trial court, persuades us that the overriding principles of due process must supplant the usually supportable legal fiction of ORS 136.465. Our disposition of this case makes it unnecessary to consider defendant's contention that the evidence was insufficient to support a conviction for second-degree manslaughter.

Reversed and remanded.