PER CURIAM
*445 Defendant appeals a judgment of conviction for one count of attempting to assault a public safety officer, one count of resisting arrest, and one count of second-degree disorderly conduct. In his second through fourth assignments of error, defendant argues that the trial court plainly erred in instructing the jury on a reckless mental state for the disorderly conduct count. The state concedes that the trial court plainly erred under the circumstances of this case. We agree, accept the state's concession, and reverse and remand defendant's conviction for second-degree disorderly conduct.[1]
The disorderly conduct statute, ORS 166.025(1)(a), requires either a reckless or intentional mental state.[2] Here, defendant was charged with second-degree disorderly conduct for "unlawfully and intentionally creat[ing] a risk of public inconvenience, annoyance or alarm by engaging in fighting or violent, tumultuous or threatening behavior." Consistent with that charge, the state requested a jury instruction on second-degree disorderly conduct that included an intentional mental state. However, the trial court prepared jury instructions that were distributed to the parties after both sides had rested that instructed the jury that the state had to prove a reckless mental state on the second-degree disorderly conduct charge and instructed the jury on the definition of recklessness. Neither party objected to those instructions. The trial court then instructed the jury consistently with its prepared instructions, and, again, neither party objected to the jury instructions on the disorderly conduct charge.
On appeal, defendant argues that the trial court plainly erred in instructing the jury on a reckless mental state, instead of an intentional mental state as charged. The state concedes that the trial court plainly erred under *446 the circumstances presented in this case because the state did not request the instruction, there was no indication that either the state or defendant actually noticed the changed instruction, and the change deprived defendant-who was proceeding pro se -of an adequate opportunity to defend against the charge based on the less-culpable mental state.
We agree with and accept the state's concession that the trial court's instruction to the jury constitutes plain error under the circumstances outlined by the state, and that we should exercise our discretion to correct that error. See State v. Barrie , 227 Or. App. 378, 384, 206 P.3d 256 (2009) (violation of due process to convict the defendant of a lesser-included offense where the "confluence of factors" demonstrated that the "defendant lacked actual notice that the lesser-included offense was under consideration").
Conviction for second-degree disorderly conduct reversed and remanded; remanded for resentencing; otherwise affirmed.

Because we reverse defendant's disorderly conduct conviction on that basis, we do not address defendant's first assignment of error, which also challenges only defendant's disorderly conduct conviction. In addition, we reject without discussion defendant's pro se supplemental assignments of error.

ORS 166.025(1)(a) provides that "[a] person commits the crime of disorderly conduct in the second degree if, with intent to cause public inconvenience, annoyance, or alarm, or recklessly creating a risk thereof, the person * * * [e]ngages in fighting or in violent, tumultuous or threatening behavior."