Argued and submitted July 17, 2020; conviction on Count 1 reversed, remanded for resentencing, otherwise affirmed January 12, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MONICA R. KEENE,
*Defendant-Appellant.*

Polk County Circuit Court
18CR31649; A169671

505 P3d 418

After acquitting defendant of first-degree sexual abuse, the count with which she was charged, the trial court—on its own initiative and without notice to defendant—found her guilty of third-degree sexual abuse, a lesser-included offense. In doing so, the trial court erroneously identified and applied a culpable mental state of criminal negligence rather than finding that defendant knowingly committed the lesser-included offense. On appeal, defendant challenges that conviction, both on the ground that it violates her due process rights under *State v. Barrie*, 227 Or App 378, 206 P3d 256 (2009), and on the ground that it was based on a finding of a mental state that was too low. The state responds that defendant has not preserved her contentions, that *Barrie* does not control, and that her claims do not qualify for plain error review. *Held*: Defendant was excused from preserving her claims of error. Defendant's conviction for third-degree sexual abuse could not stand where the trial court found that the state had not proved she acted with the requisite mental state, and, as in *Barrie*, where defendant lacked actual notice that the lesser-included charge was under consideration.

Conviction on Count 1 reversed; remanded for resentencing; otherwise affirmed.

Rafael A. Caso, Judge.

Sarah De La Cruz, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Susan G. Howe, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeHoog, Presiding Judge, and Mooney, Judge, and DeVore, Senior Judge.

DeVORE, S. J.

Conviction on Count 1 reversed; remanded for resentencing; otherwise affirmed.

**DeVORE, S. J.**

After acquitting defendant of the offense with which she was charged in Count 1 of the indictment, the trial court—on its own initiative and without notice to defendant— found her guilty of a lesser-included offense. That is something that, under our decision in *State v. Barrie*, 227 Or App 378, 206 P3d 256 (2009), due process does not allow. The court's speaking verdict revealed another problem with the verdict: The court incorrectly identified and applied a culpable mental state that was too low. Although defendant did not point out those problems immediately on hearing the court's surprise verdict, six days after trial, and before entry of judgment, defendant filed what she titled "objection to court verdict." In her memorandum supporting the objection, defendant alerted the court to *Barrie*, and asked the court to adhere to it by entering a judgment of not guilty on Count 1. The memorandum did not mention the problem with the court's mental state finding. The court did not act on the objection; instead, nine days after defendant filed her objection, the court entered judgment.

On appeal, defendant challenges her conviction on Count 1, both on the ground that it violates her due process rights under *Barrie* and on the ground that it was based on a finding of a mental state that was too low. The state responds that defendant has not preserved her contentions, that *Barrie* does not control, and that we should not exercise our discretion on plain error review to correct the alleged errors. We conclude that, under the circumstances of this case, defendant was excused from the preservation requirement, and we reverse the conviction on Count 1.

The pertinent facts are not disputed. Defendant was charged with one-count of first-degree sexual abuse, ORS 163.427, and elected to waive her right to a jury. The record reflects that, at the bench trial, both parties opted to pursue an all-or-nothing strategy as to whether defendant was guilty as charged, as they were entitled to do. *See generally Pereida-Alba v. Coursey*, 356 Or 654, 663-64, 670, 342 P3d 70 (2015) (discussing circumstances in which parties might not seek jury instructions on lesser-included offenses); *State v. Zolotoff*, 354 Or 711, 717, 320 P3d 561 (2014) (explaining

that instruction on lesser-included offense must be given "*on request*" when evidence would support a finding of guilt on a lesser-included offense (emphasis added)). Neither party requested the court to consider potential lesser-included offenses. Nor did the court ask the parties whether they wanted it to consider lesser-included offenses. Nonetheless, after acquitting defendant of the charged offense, the court found defendant guilty of third-degree sexual abuse, ORS 163.415. Explaining its reasoning, the court stated:

> "Based on the totality of the evidence that I heard through trial, to the single count that is before me, the sex abuse in the first degree, I find the defendant not guilty of sex abuse in the first degree. I don't find the State has proven the culpable mental state. But I do find [defendant] guilty of sex abuse in the third degree, with a lesser culpable mental state. The State under *State v. Wier*, 260 Or App 341, a 2013 case, I can go all the way down to criminal negligence. And I find the State has proven beyond a reasonable doubt sex abuse in the third degree. So that is my verdict.
>
> "Are the parties ready for sentencing today or would you like a time set certain?"

After a brief pause in the proceedings, defendant decided to go forward with sentencing. Defendant did not, at the time, ask the court to set aside or reconsider its verdict on the lesser-included offense. Six days later, however, defendant requested that the verdict be set aside based on *Barrie*. The court instead entered judgment nine days later. Defendant appealed.

On appeal, she assigns error to the court's decision to *sua sponte* consider the lesser-included offense in violation of due process under *Barrie* and its erroneous determination that the culpable mental state for third-degree sexual abuse is criminal negligence. The state does not dispute that the court was required to find that defendant knowingly subjected the victim to sexual abuse to convict her of the lesser-included offense, but asserts that defendant did not preserve either assignment of error. On the culpable mental state issue, defendant argues that she preserved the contention or that preservation should be excused. On the *Barrie* issue,

defendant argues that her post-verdict objection preserves the issue. We conclude that preservation is excused for both issues.

The Supreme Court has explained:

"Preservation rules are pragmatic as well as prudential. What is required to adequately present a contention to the trial court can vary depending on the nature of the claim or argument; the touchstone in that regard, ultimately, is procedural fairness to the parties and to the trial court. In some circumstances, the preservation requirement gives way entirely, as when a party has no practical ability to raise an issue."

*Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008) (internal citations omitted).

Here, viewing the matter of preservation practically, with the "touchstone" of procedural fairness to the parties and the court in the forefront of our minds, we conclude that this case is one where the requirement of preservation of error must give way. That is because defendant had no practical ability to raise the issue at the time of the verdict, there was no procedure available to raise it later, it would be procedurally unfair to defendant to insist on a contemporaneous objection, and it results in no procedural unfairness to the state or the trial court to excuse the preservation requirement.

Considering how the case was tried, the trial court's verdict was a surprise that defendant had no reason to anticipate, and so had no reason to have previously researched the law on the permissibility of the court's actions. Beyond that, the trial court backed up its action with a case citation. To conclude that defendant was required to object contemporaneously would ignore the practical realities of the unexpected situation. *See State v. Shirley*, 1 Or App 635, 643, 465 P2d 743 (1970) (concluding that contemporaneous objection was not required to preserve challenge to trial court action that came as a surprise and issue was one that would take time to sort out legal complexities).

Further, while requiring a contemporaneous objection would be unfair to defendant, excusing one deprives

neither the state nor the trial court of procedural fairness. If defendant had raised her *Barrie* objection in the trial court, the state would be in no different position than it is now. The state had a fair opportunity to request that the trial court consider a lesser-included offense but did not do so; like defendant, it tried an all-or-nothing case. If defendant had raised the mental state issue, the state would also be in the same position; the trial court had already found that defendant did not act knowingly. Thus, had defendant raised either issue below, the trial court would have been required to enter a verdict of not guilty. As for procedural fairness to the trial court, the court's decision to *sua sponte* consider the lesser-included offense, when no party had requested that it do so, is what brought about the problem in the first place. It is a problem that a court easily can avoid in a bench trial simply by asking the parties whether they are requesting consideration of lesser-included offenses before it begins its deliberations. Discussing with the parties whether any lesser-included offenses should be considered can also help a court avoid mistakes about the elements of those offenses like the one that occurred here.

As for raising the issue subsequently, there was no formal or established mechanism for defendant to do so. As the state itself points out, the post-verdict remedies in a criminal trial are limited. "[T]he only post-verdict motions authorized by statute in criminal cases are motions for a new trial and motions in arrest of judgment." *State ex rel Haas v. Schwabe*, 276 Or 853, 856, 556 P2d 1366 (1976) (citing ORS 136.535). Neither of those motions provided defendant a mechanism for raising the issue here, in a case tried to the court.

Regarding motions in arrest of judgment, "a motion in arrest of judgment is restricted to challenging the jurisdiction of the grand jury or to alleging that the facts in the indictment do not state an offense." *Id*. That motion, thus, was not an option for raising the problems with the verdict.

Regarding new trial motions, if defendant's case had been tried to a jury, a motion for a new trial would have supplied a means for a defendant to raise the issue

that defendant raises here.[1] *See State v. Ramoz*, 367 Or 670, 708, 483 P3d 615 (2021) (holding that, under ORS 136.535 and ORCP 64 B(1), the trial court had authority to grant the defendant's post-verdict motion for a new trial based on the trial court's failure to properly instruct the jury on the applicable mental state). We have held, though, that the legislature has not made new trial motions available in a criminal bench trial. ORS 136.535 states, in relevant part, "Except that a new trial may not be granted on application of the state, *** ORCP 64 A, B and D to G apply to and regulate new trials in criminal actions." ORS 136.535(1). ORS 136.535, as we have recognized, does not incorporate ORCP 64 C, the provision governing new trials in cases tried to the bench. That means, we have concluded, that a motion for a new trial is not available in a criminal case tried to the bench. *State v. Stewart*, 239 Or App 217, 220-21, 244 P3d 816 (2010).

For those reasons, we conclude that defendant was excused from preserving her claims of error.

As for the merits of the two contentions, defendant is entitled to prevail under either contention. The state does not dispute that, to convict defendant of third-degree sexual abuse, the court was required to find that defendant acted knowingly in subjecting the victim to sexual contact. But, in finding defendant not guilty of first-degree sexual abuse, the court found that the state had not proved that defendant

---

[1] Although not denominated as a motion for a new trial, we note that defendant's objection to the verdict raises grounds for relief that would be cognizable under ORS 136.535 and ORCP 64 B(1). The latter provision allows for a new trial based on an "[i]rregularity in the proceedings of the court *** by which such party was prevented from having fair trial." ORCP 64 B(1). Defendant's claim under *Barrie*—that the trial court's *sua sponte* action deprived her of a fair trial—falls into that category. Because "the character of a motion is not determined by its caption, but by its substance," *Assoc. Unit Owners of Timbercrest Condo. v. Warren*, 242 Or App 425, 428, 256 P3d 146 (2011), *aff'd*, 352 Or 583, 288 P3d 958 (2012), defendant's objection is thus properly viewed as a motion for a new trial. *Id.* at 428-30 (because motion captioned as a motion for reconsideration was, in substance, a motion for a new trial, the court was required to treat it as such). We also note that defendant's objection was filed within the timelines for filing a motion for a new trial, because it was filed before entry of judgment. *Id.* at 428 (motion for a new trial is timely if filed before entry of judgment). Consequently, if motions for new trials were cognizable in criminal bench trials, defendant's objection would be a proper way to have raised the *Barrie* issue even though she did not caption it as a motion for a new trial.

acted knowingly. Defendant's conviction for third-degree sexual abuse, therefore, cannot stand for that reason alone.

It also cannot stand under *Barrie*. Although the state argues that this case is distinguishable from *Barrie*, we are not persuaded. *Barrie* held that a trial court's *sua sponte* conviction of the defendant on a lesser-included offense violated the defendant's due process rights because, as a practical matter, the defendant did not have actual notice before the court's verdict that the lesser-included offense would be under consideration. 227 Or App at 384. In *Barrie*, as here, the parties tried the case as an all-or-nothing proposition. *Id.* at 383-84. As here, "[a]t no point in the record did defendant or the prosecutor argue, or the court suggest, that the lesser-included offense, which involved a different mental state, was or should have been under consideration." *Id.* at 384. In *Barrie*, the prosecutor had told the defendant that the state was not going to let the defendant have a jury trial on criminally negligent homicide. *Id*. Here, somewhat similarly, the prosecutor informed defendant that the state was not interested in offering a plea deal. Under those circumstances, as in *Barrie*, defendant lacked actual notice that the lesser-included offense was under consideration, making her conviction the product of a due process violation. Accordingly, we reverse defendant's conviction on Count 1.

Conviction on Count 1 reversed; remanded for resentencing; otherwise affirmed.