***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted June 12, reversed and remanded July 26, 2023

In the Matter of E. L. W.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

E. L. W.,
*Appellant.*

Curry County Circuit Court
21JU01875; A176312

Cynthia Lynnae Beaman, Judge.

Ginger Fitch and Youth, Rights & Justice filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

JOYCE, J.

Reversed and remanded.

**JOYCE, J.**

Youth appeals from a judgment finding him within the jurisdiction of the juvenile court based on acts that, if committed by an adult, would constitute interfering with a police officer, ORS 162.247(1)(b) (2021), *amended by* Or Laws 2021, ch 254, § 1. We reverse and remand.

Two police officers, Dunning and Fleming, along with two people from the Oregon Youth Authority went to youth's family home to arrest youth on a probation violation warrant. While they were waiting for youth to come to the door, Dunning walked around to the back of the building and saw youth climb out of a window and run away. Dunning began to chase youth, shouting, "Don't do it," "Stop," and, "You're under arrest." Fleming ran around the other side of the building, saw Dunning chasing youth, and yelled, "Stop," to no avail. Police apprehended youth a few hours later.

The state alleged that youth "unlawfully and knowingly refuse[d] to obey a lawful order of [Officer] Fleming *** which order was to stop." Accordingly, at the adjudicatory hearing, the parties' arguments on that count focused on whether youth heard Fleming yell, "Stop."[1] However, the juvenile court found youth to be within its jurisdiction on the basis that youth "knew or should have known that he refused to obey a lawful order *** by the peace officer, that order, 'Don't do it,' and, 'You're under arrest'"—orders that were given by Dunning, not, as the petition alleged, the one given by Fleming. Neither party made any objections at that point.

On appeal, youth argues, and we agree, that the juvenile court plainly erred in applying the lesser culpable mental state of "knew *or should have known*" (emphasis added). *See State v. Ruggles*, 238 Or App 86, 91, 242 P3d 643 (2010), *rev den*, 349 Or 601 (2011) (to commit interfering with a police officer, a "person must refuse to obey the order, and that verb implies knowledge and intent" (emphasis omitted)); *see also State v. Lane*, 341 Or 433, 440,

---

[1] The state also alleged that youth committed escape in the third degree, but the juvenile court found the evidence to be insufficient on that count.

144 P3d 927 (2006) ("Having alleged that defendant acted knowingly, the state was required to prove defendant's knowledge."). To be sure, as the state observes, the juvenile court also found that youth "knew" that the officers were there to arrest him, could hear Dunning say, "You're under arrest," and continued to run. In the state's view, the record is thus ambiguous as to whether the court found the requisite "knowingly" mental state and therefore cannot be plain error. We disagree because, as noted, the petition did not allege Dunning's orders as the basis for the allegation, and the juvenile court did not find that youth knowingly refused *Fleming's* order to stop.

Under the circumstances, we consider it appropriate to exercise our discretion to correct the error. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (describing the factors to consider when deciding whether to address plain error). We do not think that the policies behind the preservation rule weigh so strongly in this case, because given how the state charged youth (using the correct mental state) and how the parties argued the case (focusing on Fleming's order), the court's ruling likely took the parties by surprise. *See State v. Keene*, 317 Or App 19, 23, 505 P3d 418 (2022) (excusing the preservation requirement where "[c]onsidering how the case was tried, the trial court's verdict was a surprise that defendant had no reason to anticipate"). We further consider the nature of the case—a delinquency adjudication—and the gravity of the error to weigh in favor of exercising our discretion. We therefore reverse and remand to the trial court.[2]

Reversed and remanded.

---

[2] Youth argues that we should reverse, while the state argues that we should vacate and remand to the juvenile court. In our view, reversing and remanding is the correct disposition.