No. 997 November 19, 2025 105

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LEE ROBERT LINDSAY,
*Defendant-Appellant.*

Clackamas County Circuit Court
23CR58397; A183790

Cody M. Weston, Judge.

Submitted October 14, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Judgment of dismissal on Count 2 reversed and remanded; otherwise affirmed.

**KAMINS, J.**

Defendant and T got into an argument, during which T, who had a prior spinal injury and arthritis, fell and injured her tailbone and spine. A jury found defendant guilty of fourth-degree assault under ORS 163.160. Defendant raises three assignments of error. He argues that the trial court: (1) plainly erred by failing to strike testimony in which a witness stated he "trusted [the complainant's] ability to give [him] an accurate recalling of the events" as vouching; (2) erred by responding to a question during jury deliberations on a theory of the offense—that "Assault in the 4th Degree does not necessarily require physical contact"—because defendant did not have an opportunity to prepare a defense addressing that theory; (3) incorrectly entered a judgment stating a count was "dismissed" rather than acquitted, which the state concedes. We affirm on the first and second assignments of error and reverse and remand with instructions to enter a judgment of acquittal as to Count 2 on the third assignment of error.

*First Assignment of Error.* During direct examination, the doctor who examined T after her injury was asked: "***can you describe based on what your observations of [T] were, did she appear to be impaired in any way?" The doctor responded:

> "So she was a little bit more animated, which sometimes we can see in people who drink some alcohol. She did report drinking some alcohol previously.
>
> "[Prosecutor]: Uh-huh
>
> "[Doctor]: And it seemed to fit with that. However, she could walk with a steady gait. She could give me a full complete history. *I trusted her ability to give me an accurate recalling of the events.* So while she had—she appeared to be somewhat intoxicated, you know, I thought she could advocate for herself quite well."

(Emphasis added.) Defendant argues the court plainly erred by failing to strike the doctor's testimony that "I trusted her ability to give me an accurate recalling of the events" as vouching. Defendant did not object below and asks the court to review for plain error under ORAP 5.45(1).

"Whether a witness's statement constitutes impermissible vouching is a legal question." *State v. Sperou*, 365 Or 121, 128, 442 P3d 581 (2019). Under plain-error review, the court must determine that the witness unambiguously vouched. *State v. Murphy*, 319 Or App 330, 335, 510 P3d 269 (2022). Statements commenting on a declarant's *capacity* rather than credibility do not amount to unambiguous vouching. *State v. Kim*, 317 Or App 126, 128, 503 P3d 1272, *rev den*, 370 Or 212 (2022). Here, the doctor's statement could have been addressing T's capacity to recount past events given her intoxication, rather than her credibility. Because the statement was not unambiguous vouching on its face, the trial court did not plainly err in failing to strike the testimony *sua sponte*. *See id*. at 128-29 (holding the trial court did not err by allowing testimony over vouching objection where "the witness was commenting generally on [the declarant's] *capacity* to describe past events accurately, not expressing a view on whether [the declarant's] accusations against defendant were truthful" (emphasis in original)).

*Second Assignment of Error*. Defendant next argues that the trial court erred by instructing the jury on a new theory of the offense—"Assault in the 4th Degree does not necessarily require physical contact"—that the state declined to pursue in presenting its case.[1] Defendant argues he did not have sufficient notice and opportunity to prepare a defense addressing that factual theory, violating his right to due process, because neither the state, defendant, nor the court raised it until the court answered a jury question during deliberations.

Whether consideration of a new theory of guilt violates a defendant's right to due process for lack of notice or opportunity to prepare a defense is a question of law. *See State v. Barrie*, 227 Or App 378, 382, 206 P3d 256 (2009) (applying that standard). A defendant is generally considered on notice for a charged offense unless the state affirmatively represented that it would not pursue a lesser-included offense. *See State v. Gilmore*, 336 Or App 706, 718-19, 562 P3d 250 (2024), *rev den*, 373 Or 738 (2025) ("Because

---

[1] Defendant did not argue below or on appeal that the instruction was legally incorrect, so we do not address that question.

a lesser-included offense is necessarily included within a greater charged offense, the state need not provide any specific notice beyond the indictment regarding a lesser-included offense."); *see also State v. Keene*, 317 Or App 19, 26, 505 P3d 418 (2022) (holding defendant could not be convicted on lesser-included offense when defendant relied on the state's pretrial representation that it would not pursue a conviction on the lesser-included offense).

Defendant had sufficient notice that he could be convicted of assault without a finding of physical contact from the charged offense. Defendant was on notice that he could be convicted of the charged offense and does not contend that assault without physical contact is an improper theory of the charged offense. Defendant also knew that the state would introduce evidence that defendant "flexed on" or "jerked at" T, and she "flinched backwards" and "fell back and hit her tailbone" from which the jury could convict without a finding of physical contact. Moreover, the state did not affirmatively represent that defendant could only be convicted with a finding of physical contact.

Analogizing to cases where the state expressly elected a factual theory of the case either via the offense charged or as required in cases with multiple, separate occurrences of the offense, defendant argues that the state essentially elected a particular theory of the case by failing to argue a theory of assault that did not involve physical contact. *See, e.g., State v. Coss*, 53 Or 462, 467, 101 P 193 (1909). However, the state did not make any such election in this case, nor did defendant request one.

Because defendant had notice from both the charging document and the state's presentation of evidence, the court did not violate his right to due process by instructing the jury that "Assault in the 4th Degree does not necessarily require physical contact." *Cf. Gilmore*, 336 Or App at 718-19 (determining trial court did not err by convicting defendant of a lesser-included offense where defendant had general notice from the charge and effective notice of evidence supporting the lesser offense).

*Third Assignment of Error*. Defendant argues, and the state concedes, that the trial court erred in entering a

judgment that states that Count 2, the harassment charge, was "dismissed" because defendant was acquitted on Count 2. We review whether a trial court properly stated the disposition of an offense for legal error. *State v. Dikeos*, 330 Or App 698, 721, 544 P3d 1020, *rev den*, 372 Or 718 (2024) (applying that standard). The judgment stated that Count 2 was dismissed despite the fact that the jury found defendant not guilty on Count 2. A finding of not guilty is an acquittal, not a dismissal. ORS 131.505(6). Therefore, as the state concedes, the trial court erred, and we reverse and remand with instructions to enter a judgment of acquittal as to Count 2. *See Dikeos*, 330 Or App at 722 (reversing and remanding to enter a judgment of acquittal where trial court entered a judgment of dismissal incorrectly).

Judgment of dismissal on Count 2 reversed and remanded; otherwise affirmed.