No. 261 April 1, 2026 221

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NICHOLAS ANTHONY WHALEY,
*Defendant-Appellant.*

Lane County Circuit Court
24CR23604; A184995

Karrie K. McIntyre, Judge.

Submitted February 5, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Defendant appeals from a judgment of conviction for fourth-degree assault, ORS 163.160,[1] as a lesser-included offense of criminal mistreatment following a bench trial and seeks reversal of the judgment. The state charged defendant by indictment with three counts of first-degree criminal mistreatment, ORS 163.205,[2] a class C felony. The state argued that defendant was guilty of each count for conduct directed at defendant's 13-year-old daughter, A. The trial court granted defendant's motion for judgment of acquittal (MJOA) on Counts 1 and 3. After a bench trial, on Count 2, the trial court found defendant guilty of fourth-degree assault as a lesser-included offense of criminal mistreatment. The court sentenced defendant to 36 months of probation and 6 months of jail consecutive to a 120-month prison sentence imposed on defendant several weeks earlier for his convictions in a different case.

Defendant raises two assignments of error and provides a combined argument challenging his conviction. First, he argues that the trial court erred by denying his MJOA on Count 2, which was based on two theories: failure to prove that defendant "knowingly" caused the injury to the victim, and failure to prove that the victim suffered physical injury. In his second assignment of error, defendant argues the trial court erred by convicting him of fourth-degree assault as a lesser-included offense of criminal mistreatment. We affirm.

In reviewing the sufficiency of evidence regarding a trial court's denial of an MJOA, we review the evidence,

---

[1] ORS 163.160(1)(a) provides, in relevant part, that "[a] person commits the crime of assault in the fourth degree" if the person "[i]ntentionally, knowingly or recklessly causes physical injury to another."

[2] ORS 163.205 provides, in relevant part:

"(1) A person commits the crime of criminal mistreatment in the first degree if:

"* * * * *

"(b) The person, in violation of a legal duty to provide care for a dependent person or elderly person, or having assumed the permanent or temporary care, custody or responsibility for the supervision of a dependent person or elderly person, intentionally or knowingly:

"(A) Causes physical injury or injuries to the dependent person * * *."

accepting reasonable inferences and credibility choices, in the light most favorable to the state to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). We do not decide whether we "believe [that] defendant is guilty beyond a reasonable doubt, but whether the evidence is sufficient for a [factfinder] so to find." *State v. King*, 307 Or 332, 339, 768 P2d 391 (1989).

A, the victim in this case, is defendant's daughter. Defendant brought A to stay with him for the weekend at his parents' house. A often stayed at her grandparents' house. Defendant noticed a tree had fallen down at the grandparents' house overnight, due to an ice storm. Defendant called the grandparents to inform them. Defendant, who was becoming increasingly agitated, hung up the phone and went outside to address the tree.

The grandparents then called A, who tried to relay advice from them to defendant. Defendant re-entered the home and pushed A into her room. A's arm hit the bedroom doorknob after being pushed, which gave A a "rug-burn" type of scratch on her arm. A fell on soccer gear. A kicked the bedroom door shut and defendant yelled and cussed at A through the door. A's arm "was really sore" and "hurt to touch" for one week. She had a scratch on her arm and a bruise for two weeks. A, her mother, and a law enforcement officer testified about the visible scratch and bruise.

Defendant moved for judgment of acquittal on all three counts of first-degree criminal mistreatment, arguing that the state did not present sufficient evidence to support a finding that A sustained a physical injury. As relevant to both ORS 163.160 and ORS 163.205, physical injury is defined as "impairment of physical condition *or* substantial pain." ORS 161.015(7) (emphasis added). Substantial pain is "considerable pain, which is something more than a fleeting sensation." *State v. Guzman*, 276 Or App 208, 212, 366 P3d 816 (2016) (internal quotation marks and citation omitted). Pain is assessed based on both the degree and the duration of the pain. *Id.* Substantial pain is pain that is not inconsequential, and "fleeting pain is insufficient." *Id.*

Regarding Counts 1 and 3, the trial court found that the state did not produce sufficient evidence to support that defendant acted "intentionally or knowingly" toward A. The trial court also found that the state did not produce sufficient evidence of a physical injury. Thus, the trial court granted defendant's MJOA on those two charges. Regarding Count 2, for pushing A into the doorknob, the trial court denied defendant's MJOA after it determined that the state did produce sufficient evidence from which a reasonable fact-finder could find that A suffered substantial pain beyond a reasonable doubt.

During closing argument, the state asked the court to consider the lesser-included offense of fourth-degree assault and argued that defendant recklessly caused physical injury to A. Defendant argued in response that considering a lesser-included offense at that point in trial was inappropriate. Defendant also argued that the state did not prove that he recklessly caused physical injury to A because "he was not operating in a manner that a reasonable person would know that injury would occur by *** pushing [his] daughter into [her] bedroom."

Defendant reprises similar arguments on appeal. He argues that the state did not present sufficient evidence to show the victim suffered either impairment of physical condition or substantial pain as required for an assault conviction under ORS 163.160.[3] Defendant argues that the pain A experienced was not enough to constitute substantial pain because it did not meet the intensity and durational requirements. *See State v. Capwell*, 52 Or App 43, 46-47, 627 P2d 905 (1981) (finding that the officer who was kicked experienced pain when defendant struck him, but that there was "no other evidence of the degree of pain or that it was

---

[3] Defendant argues that although he did not specifically address fourth-degree assault in his MJOA, he did challenge the sufficiency of the evidence of a physical injury for first-degree criminal mistreatment. *See State v. Staniford*, 332 Or App 203, 207 n 1, 548 P3d 855 (2024) (implicitly concluding that the defendant preserved an MJOA for an attempt crime when the trial court denied the motion on the completed crime). Defendant also challenged the sufficiency of the evidence of fourth-degree assault in his closing argument. *See State v. Gonzalez-Valenzuela*, 358 Or 451, 454, 365 P3d 116 (2015) (recognizing that a defendant's closing argument in a bench trial that challenges the sufficiency of the evidence is the equivalent of an MJOA).

anything more than a fleeting sensation," and therefore insufficient evidence of substantial pain); *State v. Rennells*, 253 Or App 580, 586, 291 P3d 777 (2012), *rev den*, 353 Or 410 (2013) (although the bruising on the victim's legs that lasted several days might have been "sufficient to infer that the victim suffered *some* pain * * *, it [was] not sufficient to infer that she suffered *substantial* pain." (Emphases in original.)).

The state responds that evidence regarding the scratch and bruise on A's arm coupled with pain that lasted one week was sufficient to prove the physical injury element of fourth-degree assault. The state argues that defendant's conviction is supported by our decisions in *State ex rel Juv. Dept. v. Greenwood*, 107 Or App 678, 682, 813 P2d 58 (1991) (evidence of a headache lasting approximately one hour was sufficient to permit a finding of physical injury), and *State v. Poole*, 175 Or App 258, 261, 28 P3d 643 (2001) (a kick to a victim's forearm that caused acute pain for an hour and soreness for a day was sufficient to permit a finding of physical injury, even though there was no bruise and medical treatment was unnecessary).

ORS 136.465 provides, in part, that a "defendant may be found guilty of any crime[,] the commission of which is necessarily included in that with which the defendant is charged in the accusatory instrument * * *." Therefore, a defendant may be convicted of any lesser-included offense of the charged offense. An offense is a lesser-included of another if it meets "either one of two tests: (1) that one offense is necessarily included in the other, by virtue of the elements of the former being subsumed in the latter; or (2) that the facts alleged in the indictment expressly include conduct that describes the elements of the lesser included offense." *State v. Chapman*, 209 Or App 771, 777, 149 P3d 284, 287 (2006), *rev den*, 342 Or 473 (2007) (internal quotation marks and citation omitted). Whether the second test is met "must be satisfied on a case-by-case, as pleaded, basis." *Id.* (internal quotation marks and citation omitted). Depending on the circumstances, fourth-degree assault can be a lesser-included offense of first-degree criminal mistreatment. *See, e.g.*, *State v. Sanders*, 189 Or App 107, 111-12, 74 P3d 1105 (2003), *rev den*, 336 Or 657 (2004).

The court may not, on its own initiative and without notice to the defendant, find a defendant guilty of a lesser-included offense. *State v. Keene*, 317 Or App 19, 21, 505 P3d 418 (2022). The trial court cannot *sua sponte* consider a lesser-included offense when no party has requested it to do so because the defendant would then "not have actual notice before the court's verdict that the lesser-included offense would be under consideration." *Id.*; *State v. Barrie*, 227 Or App 378, 384, 206 P3d 256 (2009). However, the court can avoid this problem "simply by asking the parties whether they are requesting consideration of lesser-included offenses before it begins its deliberations." *Keene*, 317 Or App at 24.

In this case, just before closing arguments, the court directed the parties to a few cases "so that [they] could incorporate them into closing arguments today if [they would] like to." Those cases were *id.*; *State v. McKinney/Shiffer*, 369 Or 325, 505 P3d 946 (2022); and *State v. Pfannenstiel*, 331 Or App 591, 546 P3d 945 (2024).

After returning from the break and to begin its closing argument, the state argued that, based on those cases, "the [c]ourt may be presented with an argument for a lesser included in the alternative at closing in the event that there is sufficient evidence brought before the [c]ourt to find for a lesser included in the alternative." The state asked the court to consider the lesser-included offense of fourth-degree assault in closing argument and argued that defendant recklessly caused physical injury to A. Defendant objected, arguing that the state's request was inappropriate at that time. When rendering its verdict, the court found it appropriate to rule on the lesser-included offense of fourth-degree assault because "generally speaking, when criminal charges are filed, everybody is sort of already on notice that lesser included offenses could be applicable."

We determine that the court did not find defendant guilty of the lesser-included offense on its own initiative and without notice to the defendant. Whether defendant had the requisite mental state was at issue throughout the case, as evidenced by the MJOAs, which addressed knowledge in the context of criminal mistreatment. Additionally, the defendant had an opportunity to argue that the evidence

was insufficient to show recklessness during his own closing argument. Notice concerns do not render defendant's bench trial unfair here and defendant does not argue that he was prejudiced by the timing of the request that the court consider a lesser-included offense.

In this case, the evidence that A sustained a scratch and a bruise that lasted for two weeks, that her arm "was really sore," and that it was painful to touch her arm for one week was sufficient to allow a rational factfinder to find she experienced substantial pain. Thus, the trial court did not err in finding that A sustained a physical injury. The trial court also found that defendant recklessly caused that injury to A.[4] Therefore, we affirm the trial court's conviction of defendant for fourth-degree assault.

Affirmed.

---

[4] Defendant does not challenge the trial court's recklessness finding.