No. 249     April 1, 2026     175

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JEFFERSON WARREN DAVIS,
*Defendant-Appellant.*

Linn County Circuit Court
23CR43318; A183075

Thomas McHill, Judge.

Submitted February 4, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Silberman, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

EGAN, J.

Portion of judgment requiring defendant to pay "any required *per diem* fees" reversed; otherwise affirmed.

**EGAN, J.**

Defendant appeals from his conviction, after a bench trial, of a single count of fourth degree assault. He was charged with second-degree assault, ORS 163.175, and assigns error to the trial court's decision to convict him, without notice, of the lesser-included offense of fourth-degree assault, ORS 163.160. Defendant also assigns error, conceded by the state, to the sentencing judgment's statement that defendant "shall pay any required *per diem* fees," when those fees were not announced in open court at sentencing. We affirm defendant's conviction, accept the state's concession on sentencing, and reverse that portion of the sentencing judgment requiring payment of *per diem* fees.

After police responded to a report of a stabbing at a park, the state charged defendant with second-degree assault, ORS 163.175 (Count 1), and unlawful use of a weapon, ORS 166.220 (Count 2). In a bench trial, defendant asserted that, in committing the assault, he had acted in self-defense.

The court acquitted defendant of Count 2, unlawful use of a weapon. On Count 1, the court acquitted defendant of the charged second-degree assault, based on the state's failure to prove the "deadly or dangerous weapon" element, ORS 163.175(1)(b), but convicted him of the lesser-included offense of fourth-degree assault, ORS 163.160. *See* ORS 136.460(1);[1] ORS 136.465.[2]

In his first assignment of error, citing *State v. Keene*, 317 Or App 19, 23-25, 505 P3d 418 (2022), and *State v. Barrie*, 227 Or App 378, 206 P3d 256 (2009), defendant contends that a conviction of the lesser-included offense of fourth-degree assault without prior notice and an opportunity

---

[1] ORS 136.460(1) provides:

"Upon a charge for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the accusatory instrument and guilty of any degree inferior thereto or of an attempt to commit the crime or any such inferior degree thereof."

[2] ORS 136.465 provides:

"In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which the defendant is charged in the accusatory instrument or of an attempt to commit such crime."

to present a defense was a violation of due process. Thus, defendant argues, the trial court erred in convicting him of the lesser-included offense of fourth-degree assault and he was entitled to a judgment of acquittal.

The state correctly points out that we dealt with this very issue in *State v. Gilmore*, 336 Or App 706, 562 P3d 250 (2024), *rev den*, 373 Or 738 (2025). In *Gilmore*, the defendant was charged with aggravated murder after having shot two victims. There, as here, the defendant raised the defense of self-defense. The trial court, concluding that the evidence was insufficient to support a finding that the defendant had acted intentionally but finding that he had acted recklessly, convicted the defendant of the lesser-included offense of first-degree manslaughter. The defendant asserted on appeal that, because the court had not provided notice of the possibility of conviction of the lesser-included offense, the conviction constituted a violation of due process. *Id*. at 716.

In rejecting the defendant's argument, we cited long-standing precedent that, because a lesser-included offense is necessarily included within a greater charged offense, the state need not provide any specific notice beyond the indictment regarding a lesser-included offense. *Id*. We explained further that a trial court has authority to consider a defendant's guilt with respect to a lesser-included offense on its own accord without providing additional notice to the parties, because the lesser-included offense is already before the court by virtue of the greater charged offense. *Id*. (citing *State v. Cuffee*, 87 Or App 293, 296, 742 P2d 637 (1987)). We concluded that the defendant could not have been surprised by the court's consideration of the lesser-included offense, because the defendant had "general notice" under ORS 136.460(1) that he could be convicted of a lesser-included offense within the charged offense.[3]

In *Gilmore*, we also addressed *Barrie* and *Keene*, on which defendant here relies, explaining that *Barrie* created, and *Keene* applied, a narrow exception to the above

---

[3] We also explained in *Gilmore* that the defendant had "actual knowledge" of a possible lesser-included offense, by virtue of having raised the defense of self-defense, effectively conceding that he had intentionally or knowingly committed the charged acts. *Id*. at 718.

general principle, when the defendant has been affirmatively informed prior to trial that the state will not seek a conviction on a lesser-included offense and the defendant has relied on that representation in preparing a defense. *Gilmore*, 336 Or App at 717. We distinguished *Barrie* and *Keene*, explaining that the defendant had not relied on any pretrial representation that he would not be tried on a lesser-included offense. *Id*. Thus, we upheld the defendant's conviction of first-degree manslaughter.

We agree with the state that here, as in *Gilmore*, defendant had general notice, by way of ORS 136.460(1) and ORS 136.465, that the trial court could convict him of a lesser degree of assault. And, as in *Gilmore*, the record does not indicate that the state made any representation, prior to trial, that it would not seek a conviction on a lesser-included offense, or that defendant relied on any such representation in planning his defense. As such, we reject defendant's contention that *Barrie* and *Keene* are applicable and also reject defendant's first assignment of error.

On defendant's second assignment of error, as noted, the state concedes that the trial court erred in imposing *per diem* fees in the sentencing judgment that had not been announced in open court. *See State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) ("A criminal defendant has the right to have their sentence announced in open court."). Although a remand for resentencing is the usual disposition in that circumstance, *id.*, here, the court said at sentencing that it was "not going to impose any financial obligations." Thus, the proper remedy is to simply reverse that part of the judgment imposing the *per diem* fee. *See State v. Sankey*, 289 Or App 846, 847, 409 P3d 73 (2018) (accepting the state's concession that it was error to impose fees in the judgment that were not announced at sentencing and reversing without remanding because "the court declared at sentencing that it would waive all fees").

Portion of judgment requiring defendant to pay "any required *per diem* fees" reversed; otherwise affirmed.