Argued July 26, reversed August 27, 1973

IN THE MATTER OF CARY ANDERSON, A CHILD

STATE OF OREGON EX REL JUVENILE DEPART-
MENT OF MULTNOMAH COUNTY, *Respondent,*
*v.* ANDERSON (No. 40,860C), *Appellant.*

513 P2d 514

*Richard C. Goss,* Portland, argued the cause for appellant. With him on the briefs was Legal Aid Service-Multnomah Bar Association, Inc., Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

This is an appeal from a finding that Cary Anderson, a minor, is within the jurisdiction of the juvenile court. We reverse.

On August 21, 1972, the juvenile involved in this proceeding, Cary Anderson, 13 years old, and Donald Madsen, 12 years old, were playing with Donald's motorcycle in the vicinity of the General Sheet Metal Works in Portland. It is undisputed that the boys entered an open area in the rear of the sheet metal shop to look for gasoline for the motorcycle. The area, which was open and unfenced, was used by the company as a loading dock, for painting, and for insulating duct work. There were several large cans of paint thinner under or near a work bench.

Donald poured some of the paint thinner onto the concrete floor, making a puddle six to eight inches in diameter. Donald testified that it did not smell like gasoline, but both thought that they could determine whether it was gasoline by seeing whether it would light. Both boys tossed a couple of matches onto the puddle, but the liquid extinguished the matches. Finally, Donald succeeded in lighting the puddle and it

began to burn out of control. He stamped on it to put it out but caught his shoe on fire. When the boys saw that the fire was growing large, they ran from the building. Just what happened next is not clear. The boys either ran or rode their bicycles to Donald's house, but it was locked. Then either Donald or his sister pulled a fire alarm at a street box. Meanwhile, the fire had spread to the work bench and some of the cans of paint thinner exploded.

■ Cary Anderson was found to be within the jurisdiction of the court for commission of acts which, if committed by an adult, would constitute arson in the second degree. ORS 164.315.① He contends on appeal, and the state concedes, that arson was not proven. We agree, since there is no evidence of intent to damage the building.

The state contends, however, that the evidence shows that Cary Anderson did commit reckless burning, a lesser included offense, and that we should affirm a conviction conforming to that offense. ORS 164.335 (1) states:

> "A person commits the crime of reckless burning if he recklessly damages property of another by fire or explosion."

Both parties to this appeal have attempted to define the term "recklessly," but we choose to use the statutory definition which is found at ORS 161.085 (9):

> " 'Recklessly,' when used with respect to a result or to a circumstance described by a statute defining

---

① ORS 164.315 provides:

"(1) A person commits the crime of arson in the second degree if, by starting a fire or causing an explosion, he intentionally damages any building of another that is not protected property.

"(2) Arson in the second degree is a Class C felony."

an offense, means that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

The decision in this case depends upon whether the juvenile committed the act recklessly. There is no question that the risk was substantial and unjustifiable. The next question for resolution then is: Was the Anderson boy aware of and did he consciously disregard the risk?

■■ The question of awareness is one not easily answered. There is no direct evidence on that question in the record. There was some testimony by the two boys from which one might infer that they were unaware of the risk. And at one point the court stated to Cary Anderson:

"* * * I don't think that at your age and your lack of knowledge you had any possible thought of the potential danger to yourself or anyone else."

The child urges that the preceding statement is a finding of fact upon which we might rely for a holding that he was not reckless. The statement was made, however, in the context of the court explaining its decision to the 13-year-old boy and not in discussing the statutory definition of recklessness. However, whether the court's statement is a finding of fact as to the child's mental state, we need not here decide. The burden was upon the plaintiff to establish that the child was within the jurisdiction of the court and we are unable to find in the record evidence that Cary Anderson was "aware of and consciously * * * [disregarded the] risk." We

therefore conclude that the plaintiff has failed in its proof and the finding of jurisdiction must be reversed.[2]

Reversed.

[2] It might well be that the facts would have supported a charge of criminal trespass but the question was not raised, discussed or covered by any finding. We therefore do not discuss it.