92 August 27, 2025 No. 764

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of K.-M. D. C.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

K.-M. D. C.,
*Appellant.*

Douglas County Circuit Court
21JU04606; A180501

Jason R. Thomas, Judge.

Argued and submitted June 26, 2024.

Christa Obold Eshleman argued the cause for appellant. Also on the brief was Youth, Rights & Justice.

Patricia G. Rincon, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Reversed.

**HELLMAN, J.**

In this juvenile delinquency case, youth seeks reversal of an adjudication for reckless burning, ORS 164.335. Youth does not dispute that he started a fire in a grassy field that damaged property. He argues, however, that the evidence presented at his trial was insufficient to prove beyond a reasonable doubt that youth acted recklessly as it pertained to the allegations in the petition about damaging property. We agree that, without such evidence, the juvenile court could not conclude that youth was subjectively aware of the risk of property damage as alleged in the petition. Accordingly, we reverse.

We review the juvenile court's legal conclusions for errors of law and are bound by the court's factual findings when there is any evidence to support them. *State v. G. L. D.*, 253 Or App 416, 418, 290 P3d 852 (2012), *rev den*, 354 Or 597 (2013). We do not "weigh the evidence to reach" our own verdict, rather, we view "the evidence in the light most favorable to the state [to] determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. D. B. O.*, 326 Or App 384, 386, 532 P3d 921 (2023). We state the facts in accordance with that standard.

On a hot day in July 2021, youth was playing on a dry, grassy hill in Roseburg with two other teenagers, J.B. and J.M. Youth was 13 years old at the time. Youth was playing around with a lighter by lighting parts of the grass on fire and putting them out. At some point, youth got distracted and failed to put out one of the fires he started. The three youths tried to put out the fire together by stomping on it and hitting it with their skateboards. They were unsuccessful and the fire grew. Once they realized they could not extinguish the fire, the three youths ran and told a nearby person to call the fire department. The fire ultimately made its way down from the hill where it burned several homes and damaged a significant amount of property.

The state petitioned for juvenile court jurisdiction based on a violation of ORS 164.335, specifically alleging that youth damaged property at three addresses. The

petition did not allege jurisdiction based on youth's burning of the grassy field itself. At youth's adjudication hearing, the state presented witness testimony from two eyewitnesses—the youths J.M. and J.B—who testified that youth started the fire. The state also presented testimony from a fire investigator, a police officer, and two homeowners whose homes were destroyed. The state did not present any other evidence, and youth did not call any witnesses of his own. After the state rested, youth argued that the state failed to meet its burden to prove beyond a reasonable doubt that he recklessly damaged property, as required by the reckless burning statute, ORS 164.335.[1] Specifically, youth contended that the state failed to provide evidence that youth was aware of the risk and chose to disregard it. The state argued that the testimony from J.M. and J.B.—that once the three youths saw the fire, they were frantically attempting to put it out—indicated that youth knew the fire should not be happening "at this time on that day in those conditions."

The juvenile court held that youth's behavior constituted recklessness. The court first noted that age is a relevant consideration when it comes to recklessness:

> "I will agree that when we deal with recklessness one must take account for age. What's reckless at 23 may be different from 13. That isn't that big of a stretch to say that one must be aware of the risk. That, that's a requirement for recklessness to be met. So awareness does vary with age and experience. That just simply would make sense."[2]

The juvenile court went on to explain its belief that youth was aware that his actions represented a substantial and unjustifiable risk of damaging property:

> "[P]laying with a lighter and in a dry grass field presents a risk *** that this Court would find a much younger

---

[1] ORS 164.335 provides that "[a] person commits the crime of reckless burning if the person recklessly damages property of another by fire or explosion."

[2] We observe that the trial court's recognition tracks with the research on the ability of young people to be aware of risk. That research demonstrates that 11- to 13-year olds are "*less* able to see risks than 16- to 17-year olds and young adults," and less able to evaluate the "long-range consequences of their decisions." Laurence Steinberg, *Adolescent Development and Juvenile Justice*, 5 Ann Rev Clinical Psych 459, 477 (2009) (citing Thomas Grisso et al, *Juveniles' Competence to Stand Trial: A Comparison of Adolescents' and Adults' Capacities as Trial Defendants*, 27 Law & Hum Behav 333 (2003)) (emphasis added).

child would recognize as dangerous. Sitting in a dry grass field and lighting grass on fire playing with a lighter would certainly be something that a 13 year old would say yes. That's dangerous. And it, it could start a fire and the fire could get out of control.

"It would be kind of a bizarre * * * 13 year old that would say I, I don't think that's a problem at all. That wouldn't be typical. That would be something that a 13 year old would, in fact, recognize as a risk. And the repeated lighting of the grass exhibits this very danger that's in question.

"* * * * *

"*Setting the grass on fire in a dry grass field is, is just simply reckless. There's no way he didn't know what the risk was.* And that he disregarded the risk and there was no justification offered for why he would do this like that there was some kind of necessity to be doing such a thing."

(Emphasis added.)

The juvenile court concluded that the state had proven its case beyond a reasonable doubt and took jurisdiction over the youth. This appeal followed.

"A person commits the crime of reckless burning if the person recklessly damages property of another by fire or explosion." ORS 164.335(1). Recklessly means "that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists." ORS 161.085(9); *see also State v. McBean*, 189 Or App 235, 238, 74 P3d 1127 (2003) (applying statutory definition of "recklessly" to crime of reckless burning); *State ex rel Juv. Dept. v. Anderson*, 14 Or App 391, 393-94, 513 P2d 514 (1973) (same in juvenile delinquency context). In the context of reckless burning, recklessly "describes a mental state associated with the act of damaging property." *State v. Merideth*, 149 Or App 164, 167, 942 P2d 803, *rev den*, 326 Or 58 (1997). The risk encompassed by the reckless mental state is the risk of property damage. *See McBean*, 189 Or App at 238 (one of the elements the state must prove in reckless burning is that the defendant's actions "presented such a substantial and unjustifiable risk *of damaging [ ] property*" (emphasis added)). It is that risk—the risk of damaging property—that must be "of such nature and degree" that disregarding it "constitutes

a gross deviation from the standard of care that a reasonable person would observe in the situation." ORS 161.085(9).

A recklessness inquiry must consider a person's subjective awareness. *See Morehouse v. Haynes*, 350 Or 318, 328, 253 P3d 1068 (2011) (the "aware of and consciously disregard[ed]" element of recklessness is "subjective and will rarely be susceptible to direct proof"); *State v. Stuart*, 283 Or App 672, 676, 389 P3d 1157 (2017) ("Because the culpable mental state of recklessness 'requires that defendant be aware of the risk, our inquiry must focus on defendant's actual perceptions * * *.'" (Quoting *State v. Schlender*, 199 Or App 253, 258, 110 P3d 653, *rev den*, 339 Or 230 (2005).)).

Here the juvenile court summarily concluded that playing with a lighter in a dry field is "certainly" something that a 13-year-old child would recognize as risky and "is just simply reckless." But the question in this case was not whether playing with a lighter in a dry field was generally "risky." Instead, the juvenile court was required to determine whether the record supported a determination that youth was specifically aware of the risk of property damage as alleged in the state's petition. This record lacks such evidence.

Viewing the evidence in the light most favorable to the state, J.M. and J.B. testified that they saw youth lighting pieces of grass on fire and putting the fires out. When youth got distracted and failed to put out one of the fires, the three youths tried to extinguish it. When they failed to do so, they ran, found a person leaving her house, and asked her to contact the fire department. But the state did not introduce any evidence (such as a map or witness testimony) to establish the distance between the grassy hill—where the fire started—and the homes, or whether the homes were visible from youth's location on the grassy hill. Nor did the state introduce evidence that youth was aware of the hill's proximity to the homes when he lit the grass on fire. Without such evidence, the juvenile court could not conclude that youth was subjectively aware of the risk of property damage as alleged in the state's petition.

On appeal, the state takes the position that youth and his friends "were at least within running distance to

another person's house *** as evidenced by the fact that they ran down and encountered a woman exiting her house who was able to call 9-1-1." From that, the state argues that the trial court was permitted to determine that youth was aware of the risk of property damage when he lit the grass on fire. We disagree. The recklessness determination depended on youth's subjective awareness of the risk of property damage to the homes when he lit the grass on fire. Evidence that after the fire began, youth was a vague and unspecified "running distance" away from a woman exiting her house is neither direct nor circumstantial evidence of youth's earlier subjective awareness of the risk of property damage. As such, it is not sufficient evidence to support the trial court's ruling.

Although the juvenile court focused on the risk of the field catching fire, it does not necessarily follow that youth knew of the risk that nearby property would catch fire as well. The juvenile court thus erred by adjudicating youth for reckless burning of property based on a conclusion that "[s]etting the grass on fire in a dry grass field *** is just simply reckless."

In sum, the evidence was insufficient for a rational factfinder to find that youth was aware of, and consciously disregarded, a risk that his actions—lighting pieces of grass on fire and putting them out right away—could lead to property damage at the three listed addresses. Accordingly, we decline to reach the issue of whether youth's behavior represented a "gross deviation" from a reasonable, similarly situated person.

Reversed.